The Board of Commissioners of Hancock County v. Leggett.

No. 13,702.

THE BOARD OF COMMISSIONERS OF HANCOCK COUNTY v. LEGGETT.

JURISDICTION.—*Circuit Court.*— *Want of Jurisdiction Matter of Defence.*—The circuit court is presumed to have jurisdiction of causes it assumes to try, and want of jurisdiction is a matter of defence.

SAME.—*Pleading.*— *Complaint.*--*Action Against County for Defective Bridge.*— *Board of Commissioners.*--*Claim.*--A complaint in an action to recover damages from a county for personal injuries sustained by reason of a defective bridge, is not bad for failing to set out with particularity the character of the claim for such damages filed with the board of commissioners.

EVIDENCE.—*Defective Bridge.*—*Knowledge of Commissioner as to Condition of Bridge.*—In such an action evidence is competent to prove that one of the commissioners had notice of the condition of the bridge.

SAME.—*Declarations Expressive of Suffering.*—In an action for damages for personal injuries, the injured party may show in evidence declarations connected with existing suffering and expressive of it, though he may not prove his declarations giving an account of the manner in which the injuries were received, or recounting what is past.

From the Wayne Circuit Court.

*E. Marsh, W. W. Cook, J. F. Kibbey* and *J. H. Kibbey,* for appellant.

*J. A. New* and *E. W. Felt,* for appellee.

ELLIOTT, J.—The complaint of the appellee seeks to recover damages sustained while attempting to cross a bridge of which the county was the owner, and which, as the complaint charges, it negligently failed to keep in a safe condition for travel.

The complaint is conceded to be sufficient in so far as it charges negligence on the part of appellant, but it is urged, in a very able argument, that it is insufficient because it does not show that the claim of the appellee was presented to the board of county commissioners before the action was insti-

tuted. The allegations of the complaint upon this phase of case are these :

"And plaintiff says that before the commencement of this cause he filed his claim before the board of commissioners of Hancock county for the identical cause above set forth, and praying an allowance of said claim in settlement thereof; that, on the 14th day of December, 1885, said defendant, then being in regular session, disallowed his said claim, and refused to allow any part thereof."

The position of appellant's counsel is thus stated in their brief:

"Appellant insists that these allegations are insufficient either to constitute a cause of action, or to clothe the court below with jurisdiction of the subject-matter of the action.

" The statute provides that no court shall have original jurisdiction of any claim against a county, unless the claimant shall file his claim with and have the same disallowed, in whole or in part, by the board of commissioners. Sections 5758, 5759, 5760, 5769, R. S. 1881.

" Section 5761, R. S. 1881, prescribes the mode of filing claims as follows :

" 'Section 5761. No allowance shall be made by such commissioners, unless the claimant shall file with such commissioners a detailed statement of the items and dates of charge, nor until such competent proof thereof is adduced in favor of such claim as is required in other courts,' etc.

" It is not alleged that such a claim was filed, nor are there facts alleged that would show a compliance with the statute in that particular.

" However informal the claim filed with the commissioners may have been in other particulars, it was imperative that it should have given a 'detailed statement of the items and dates of charge.' Board, etc., v. Ritter, 90 Ind. 362.

" The prerequisites of the statute must all be complied with before the suit can be maintained. As we understand

VOL. 115.—35

the object of the law, it is that the commissioners shall have an opportunity to examine the claim and hear evidence concerning its merits, and, if right, to allow it; but they can make no such allowance until a proper claim is filed.

"If we are correct in our assumption that the law contemplates that the board shall first have the opportunity to allow the claim before suit can be brought on it, then it is necessary that such a claim should be presented to the board, as they have power to allow; otherwise, the provision is wholly nugatory.

"For aught that appears in the complaint, and, in fact, in the evidence, the claim might have been disallowed because of such informality; the claim must at least have been such that an allowance based upon it would have been an adjudication that would have barred another suit for the same cause of action."

The point made by appellant's counsel is decided against them by the case of *Bass, etc., Works* v. *Board, etc., ante,* p. 234. In that case it was held that, as the circuit court is a superior court of general jurisdiction, the presumption is that it had jurisdiction of the cause it assumed to try. It results from this doctrine that the want of jurisdiction is matter of defence, since the presumption makes a *prima facie* case in favor of the appellee, and such a case can only be defeated by affirmative evidence given upon an issue properly tendered.

Waiving many questions of practice made and insisted upon by the appellee's counsel, and assuming that questions upon the admission of evidence are properly presented, we give our attention to those questions. In doing this, we perhaps yield more to appellant than of right it is entitled to claim, but we best meet the important questions, as we believe, by this course.

As much as can be granted appellant, perhaps more than in strictness should be granted, is that objections are so stated and questions so presented as to bring before us the question

whether the trial court was right in ruling that the appellee's declarations of existing pain and suffering were competent. It is our judgment that our own cases, as well as the very great weight of authority, decide the question against the appellant. The rule is that declarations of an injured person, indicative of existing pain or suffering, are competent, although narratives of past occurrences are not. An injured person may show in evidence declarations connected with existing suffering and expressive of it, but he may not give an account of the manner in which he received his injuries, nor recount what is past. *Carthage T. P. Co.* v. *Andrews*, 102 Ind. 138 (52 Am. R. 653) ; *Louisville, etc., R. W. Co.* v. *Wood*, 113 Ind. 544, and cases cited ; *Roosa* v. *Boston, etc., Co.*, 132 Mass. 439; *Barber* v. *Merriam*, 11 Allen, 322 ; *McKegue, Adm'r*, v. *City of Janesville*, 68 Wis. 50 ; *State* v. *Davidson*, 30 Vt. 377 (383).

In the case last cited, REDFIELD, C. J., in speaking of such declarations, said : " The declarations of the party are received to show the extent of latent injuries upon the person, upon the general ground that such injuries are incapable of being shown in any other mode except by such declarations as to their effect, but they are not admitted as part of the *res gestæ.*"

This is substantially what this court has said. It is evident that the reason for the rule is a sound one, since it is clear that as many of the organs of the body can not be seen, latent injuries can only be discovered and known through the declarations of the injured person.

We have given careful study to the case of *Roche* v. *Brooklyn, etc., R. R. Co.*, 105 N. Y. 294, but we can not assent either to the reasoning or the conclusion of the court in that case. It is conceded by the court that the rule was that such declarations were competent until the enactment of the statute permitting parties to be witnesses, but it is asserted that the rule was abrogated by that statute. It seems to us that if the law once was that such declarations were

admissible, it was not in the power of the court to annul it. That could only be done by legislation. Where a statute is enacted changing the common law rule, it is to be strictly interpreted and is not to be extended by construction. It is an ancient and well known rule that statutes in derogation of the common law must be strictly construed. It would be a plain violation of this rule to hold that a statute changing the one rule of law changed another and independent one. The change in the rule does not dissipate the reason, for latent injuries can only be fully known by declarations made at the time the injured person is suffering. But, however this may be, the rule is an established one, and as courts can not legislate, they have no right to abrogate it. Judicial legislation is an evil to be avoided. The change in the law worked by the statute does not deprive a party of any competent evidence. The statute adds to his rights ; it subtracts nothing from them. Although the statute makes a party a competent witness, it does not abridge his rights by taking from him evidence competent under the rules of the common law. We can not agree, we say, in leaving this point, that a party is to be deprived of legitimate evidence because the statute permits him to testify.

Under the decisions of this court, by which we feel bound, it was competent to prove that one of the commissioners had notice of the condition of the bridge. *City of Lafayette* v. *Larson*, 73 Ind. 367 ; *City of Logansport* v. *Justice*, 74 Ind. 378 (39 Am. R. 79).

The court correctly instructed the jury upon the subject of contributory negligence, and upon the evidence we can not hold that the verdict is so clearly wrong as to justify us in setting it aside, although the case is a very close one.

Judgment affirmed.

Filed Sept. 28, 1888.