The Board of Commissioners of Jackson County *v.* Nichols.

———————◆———————

No. 16,899.

THE BOARD OF COMMISSIONERS OF JACKSON COUNTY *v.* NICHOLS.

| 139 | 611 |
| 143 | 151 |
| 139 | 611 |
| 151 | 497 |
| 151 | 500 |
| 139 | 611 |
| 154 | 548 |
| 139 | 611 |
| 163 | 115 |
| 139 | 611 |
| 171 | 611 |

BRIDGE.—*Defective.*—*Negligence.—Watercourse.—Stream.—Pleading.*—The mere allegation of the name of a stream will not supply an allegation that it is a watercourse, but an allegation that a bridge spanned a stream shows that it was over a watercourse.

SAME.—*Complaint.*—*Motion to Make Specific.*—Where a complaint to recover for injuries caused by a defective bridge alleges that "the plaintiff and her husband were driving," a motion to make it more specific by alleging which one was driving will not lie.

SAME.—*Location of Bridge.*—An allegation that the defective bridge

The Board of Commissioners of Jackson County v. Nichols.

constituted a part of a public highway "leading into the city of Seymour," and "at or near the city limits on the south of said city," shows that the bridge is not within the city.

SAME.—*Maintenance of Bridge.—Duty of County.*—The fact that a bridge is within a township does not of itself exempt the county from its obligation to keep it safe, and an allegation that the bridge was constructed by the county shows that it is not a township bridge.

SAME.—*Construction of Bridge.—Record of Not Essential to Liability.*— If a bridge is one which it is the statutory duty of the county to maintain, a breach of the duty, resulting in injury, renders the county liable without reference to when or by whom it was constructed, or whether there is a record of its construction.

SAME.—*Use of Highway and Bridge in Night Time.—Contributory Negligence.*—One using care is not guilty of negligence in driving in the night time along a highway with which he is not familiar, and going upon a bridge which is a part thereof.

SAME.—*Character of Injury.* — A complaint to recover damages for several specific personal injuries is not bad because a part of the injuries alleged could not have been caused by the defendant's negligence.

SAME.—*Bridges Over Natural and Artificial Watercourses.*—The statutory duty of counties to maintain bridges is not limited but includes both natural and artificial watercourses.

SAME.—*Filing Claim with Commissioners.—Proof of by Plaintiff not Necessary.*—One who sues a county for personal injuries is not bound to prove that the claim had been filed for allowance before the county commissioners prior to bringing the action.

SAME.— *Size of Bridge.— County Liability not Determined by.*—The duty of a county in the maintenance of bridges is not determined by the size or length of the bridge, and proof that a bridge was one the chord of which was less than twenty-five feet is not in itself sufficient to exempt the county from liability.

SAME.—*Construction of Bridge.—Part Payment by City.—Duty to Maintain.*—The fact alone that a city paid a part of the cost of building a bridge neither subjects it to city control nor diminishes the interest or duty of the county as to the bridge.

EVIDENCE.—*Personal Injuries.—Declarations of Pain.*—Declarations of pain and suffering by an injured person after the injury is sustained and up to the time of bringing an action therefor, are competent evidence.

PLEADING.—*Answer.—Specific Denials.—Demurrer.*—An answer setting out specific denials of the cause of action is bad on demurrer when a general denial is pleaded, under which the same proof may be made.

The Board of Commissioners of Jackson County v. Nichols.

JURY.— *Viewing Premises.*—*Discretion of Court.*—In order to make the refusal of the trial court to let the jury view the scene of an accident available error it must be shown that there was an abuse of discretion.

INSTRUCTIONS.—*Refusal to Give.*—*When not Available Error.*—Unless the record shows that it contains all of the instructions given no available error can be based on the court's refusal to give instructions asked.

INTERROGATORIES TO JURY.—*Untrue Answers.*—*Remedy.*—That answers to interrogatories are untrue or not supported by the evidence is no reason for returning them to the jury for further answers, but such fact can only be taken advantage of by a motion for a new trial, made in determining whether the general verdict is supported by the evidence.

PRACTICE.—*Joint Motion.*—*Must be Good as to all it Embraces.*—No error can be based upon the overruling of a joint motion unless it is good as to all the matters embraced therein.

From the Orange Circuit Court.

*B. H. Burrell, W. Farrell* and *M. S. Mavity,* for appellant.

*N. Munden,* for appellee.

HACKNEY, C. J.—The appellant prosecutes this appeal from a judgment of the circuit court in favor of the appellee, on account of personal injuries alleged to have been sustained from the defective construction of a highway bridge in Jackson county.

The first alleged error presented is the action of the lower court in overruling appellant's motion to require the complaint to be made more specific. The first specification of the motion asked that the complaint allege the name of the stream over which said bridge was constructed. The argument is that no authority existed to construct, and there was no duty to repair bridges, excepting those over a stream or watercourse, and that without the name of the stream it could not be learned that the bridge in question was one over which the appellant had control. We are unable to believe that the

name would determine the question urged by the appellant. If the premises stated were correct, the name would not supply the place of an affirmative allegation that the bridge spanned a watercourse. ·

The second specification asks that the complaint allege who was driving the team at the time of the accident. The purpose of the fact sought, it is said, was to enable the appellant to impute the possible negligence of the driver to the appellee. The complaint alleged that "the plaintiff and her husband, Willard Nichols, a good and careful teamster, were driving." While it may appear to have been unusual for two persons to be engaged at one time in driving a team of horses, it is, nevertheless, so alleged, and it is never the province of the court to require a fact stated to be denied or cast in doubt by adding a contradictory fact. If both were driving, and the appellee was required to negative the possible negligence of her husband, the proposition would arise upon demurrer, and not upon the motion.

The third specification sought to have the location of the bridge stated, "whether in the city of Seymour or in the township of Jackson." The object claimed for this specification was to enable the appellant to learn whether the bridge was one that the city should maintain or one that the township was required to maintain.

It was alleged that the bridge formed and constituted a part of a public highway "leading into the city of Seymour," and "at or near the city limits on the south of said city of Seymour."

From this allegation, it appears sufficiently that the bridge was not within the city. If within a township that fact would not, of itself, exempt the county from its obligation to maintain it in a condition of safety for public travel. *Board, etc., v. Sisson,* 2 Ind. App. 311; *Vaught v. Board, etc.,* 101 Ind. 123; *Board, etc., v. Ar-*

*nett*, 116 Ind. 438; *Board, etc.*, v. *Washington Tp.*, 121 Ind. 379.

The fourth specification sought the date of the construction of the bridge by the county. This specification is not urged with seriousness, and the fifth is conceded to be the same as the third. We find no error in ruling upon the motion.

It is next insisted that the court erred in overruling appellant's demurrer to the complaint.

It is first urged that as the appellant can only act and speak by its record, it was necessary to allege that the bridge in question was located and constructed pursuant to proceedings regularly conducted and recorded. If the bridge was one which the appellant was authorized to construct, it became its duty, under the statute, R. S. 1894, sections 3275, 3282 (R. S. 1881, sections 2885, 2892), to maintain it in a condition of reasonable safety. for public travel, without regard to the question as to when or by whom it was constructed, or whether there was a record of its construction. *Board, etc.*, v. *Bailey*, 122 Ind. 46; *Board, etc.*, v. *Brod*, 3 Ind. App. 585; *Board, etc.*, v. *Castetter*, 7 Ind. App. 309; *Board, etc.*, v. *Blair*, 8 Ind. App. 574.

The duty expressly enjoined by the statute is not upon the condition that the county proceeded regularly to construct the bridge. If one is injured by a neglect of this duty, a liability can not be made to depend upon the condition of the records of the county board, for a neglect in the recording would permit the board to excuse itself from liability for one act of negligence by showing that it had been guilty of another act of equal negligence.

Again the appellant insists that it was necessary to allege facts showing that the bridge was not one over which the township had control. This proposition is

fully answered by the cases first cited in this opinion. However, it is expressly alleged that the bridge in question was constructed by the appellant, and there is no room for the presumption that it may have been a township bridge.

It is suggested that the complaint should have alleged that the bridge in question was over a watercourse. The pleading was not drawn with care, but it appeared with sufficient certainty that the bridge was over a *stream*. In the sense in which the word is employed in the pleading it can have but one meaning, and that is a continuous course of flowing water. As such it is a watercourse, and, as said in *Board, etc.,* v. *Wagner, Admr.,* 138 Ind. 609, whether natural or artificial, it is within the meaning of the statutes above cited.

It was alleged that the bridge was forty feet in length and but twelve feet in width, and without guards or balustrades; that the appellee was proceeding across the same in the night time and while it was dark, and not having any knowledge of the existence of said bridge, though proceeding without fault on her part, one of the horses fell over the side of said bridge and drew the wheels on the left side of the wagon off the bridge, throwing the appellee out into the stream below, and inflicting the injuries complained of. In addition it is alleged that "she was in all things careful and cautious, and in no way at fault."

Appellant's counsel insist that the facts so specially pleaded show contributory negligence on the part of the appellee overcoming the general allegation of noncontributory negligence. The special fact urged as contributory negligence is in traveling a strange road in the darkness of the night. One is not required to forego traveling upon a public highway or bridge even if he have knowledge of dangers in so doing, and his duty is to

use care in proportion to the known dangers, and the degree of the care used is a question for the jury. *Board, etc.,v. Castetter, supra; Henry County, etc., Co.* v. *Jackson,* 86 Ind. 111; *Jonesboro, etc., Co.* v. *Baldwin,* 57 Ind. 86.

It must be conceded that public highways and bridges are constructed for use by both day time and night time, and by those acquainted as well as those unacquainted with them, and if those acquainted with the dangers of a bridge need not forego its use much less should one not acquainted with such dangers.

The allegation is that she exercised care and was free from negligence. We can not say, in the face of this allegation, that she proceeded with undue speed; that she did not exert her faculties of sight, or that she failed to do anything that prudence would suggest. We can only say that she did not forego traveling over the bridge, and this of itself was not necessarily negligence.

The complaint describes appellee's injuries from the fall as follows: "Wounding and bruising her about the face, body and limbs, and injuring permanently the organs of the abdominal cavity, and especially did she, in said fall, sustain great and permanent injury to her womb and ovaries and to her spine and to her nervous system generally."

From these numerous distinct injuries the appellant's counsel set apart that alleged to have resulted to the womb and ovaries, and insist that those organs are so shielded as to make it impossible that they should be injured in the manner alleged, and from such premises it is concluded that the complaint states no cause of action. If we were to concede the premises we should find it difficult to overlook or brush aside the several other serious injuries alleged. What reason may exist for the conclusion that such other injuries, if not accompanied by that criticised, would not furnish the basis for dam-

The Board of Commissioners of Jackson County v. Nichols.

ages counsel have not advised us, and we confess that we have not detected.

It is objected further that the complaint does not connect the injuries with the defective condition of the bridge. It is essential, as counsel argue, that the injuries should have been shown to have resulted proximately from the defective condition of the bridge. *Harris* v. *Board, etc.*, 121 Ind. 299.

But the falling of the horse from, and the dragging of the wagon wheels over, the side of the narrow and unguarded bridge, by which the appellee was precipitated to the stream below, and sustained injuries, as alleged, sufficiently connect the injuries to the defects as their immediate cause.

Complaint is made of the action of the trial court in sustaining the appellee's demurrer to the appellant's third paragraph of answer. The answer alleged that the bridge was not over a running stream; that it was constructed by township officers, and was located over a private ditch, and that the proper township officers had sufficient funds to maintain said bridge.

As to the allegations that the bridge was not over a watercourse, and that it was not constructed by the county, they were, at most, but specific denials of the cause of action, and upon the appellant's theory that only such bridges as were built by the county over watercourses were county charges, such facts admissible under the general denial, which was also filed by the appellant. As to the theory of liability by the township, urged in favor of the answer, we have already stated our views. There was, in our opinion, no error in sustaining the demurrer to the answer.

The court denied the appellant's request that the jury be directed to view the locality of the occurrence, and of that action appellant complains.

The action of the court is not shown to have been in

abuse of its discretion and is not reversible error. *Board, etc.,* v. *Castetter, supra.*

Objection is made that a number of instructions were asked by the appellant and were refused, and that several erroneous instructions were given. The record nowhere discloses that it contains all of the instructions given by the court, and it is our duty to presume that other instructions were given which covered the correct propositions of the instructions refused. Elliott's App. Proced., section 722; *Grubb* v. *State,* 117 Ind. 277; *Cooper* v. *State,* 120 Ind. 377; *City of New Albany* v. *McCulloch,* 127 Ind. 500.

We have examined the charges given by the court, and find that those given by the court of its own motion and objected to in this court, define a watercourse and a bridge correctly as defined in *Board, etc.,* v. *Bailey, supra,* and in *Board, etc.,* v. *Wagner, supra.*

An objection urged to said charges is that they define an artificial watercourse as well as a natural watercourse, in directing the character of watercourse over which counties may build and are required to maintain bridges.

The statute directing the duty does not limit its discharge to bridges over natural watercourses, and we have no doubt that both natural and artificial watercourses are included. *Board, etc.,* v. *Wagner, supra.*

Other instructions given and complained of can not be considered apart from those which are presumed to have been given, and the only fair test of an instruction is when it is considered in connection with all of the instructions given, and not when detached and isolated. Possibly if a charge were found to be so radically misleading and erroneous as not to be pertinent to any possible view of the case made by the pleadings or the evidence, and one which was so prejudicial that its evil effects could not be said to be withdrawn by any other

charge, it might be considered, notwithstanding the absence of other charges from the record. It is sufficient, in this case, to say that no such charge is in the record.

The appellant submitted interrogatories to the jury, of which were the following, together with the answers of the jury:

"6. Did the county of Jackson, in the State of Indiana, build or cause to be built the bridge or culvert in controversy? Ans. Yes. It was built by their ministerial agents."

"12. Did the board of commissioners of the county of Jackson, Indiana, ever make any repairs on the bridge or culvert, or in any manner take charge of or assume control or management of the bridge or culvert in controversy? Ans. By their ministerial officers they did."

The appellant moved the court to send the jury back "to further answer" said interrogatories, which motion the court overruled, and the appellant excepted. The argument in support of this exception is that the answers were untrue under the evidence, and that interrogatories should be answered either negatively or affirmatively, or by a statement that the jury could not agree. That answers to interrogatories are not supported by the evidence is no reason for returning them to the jury for further answers, but the fact can be taken advantage of only upon the motion for a new trial and in determining whether the general verdict is supported by the evidence. *Indianapolis, etc., R. R. Co.* v. *Stout, Admr.*, 53 Ind. 143.

It is not within the province of the trial court to require juries to make answers that are strictly within the evidence, that is a matter within the conscience of the jury. The office of interrogatories is to support the general verdict and when an answer stands in irreconcilable conflict with the general verdict it will not defeat it if

such answer is not supported by the evidence. If the answer is consistent with the general verdict, it can not overthrow the verdict, because it is not supported by the evidence. The sufficiency of the evidence to support the general verdict is tested, as we have said, upon the motion for a new trial, assigning that fact as a cause and not by motion to require further answer from the jury. Further answers may be required where those returned are uncertain or evasive, but not because they are untrue. The mere suggestion of counsel that answers should be in the negative or affirmative may be thought to present the objection that the answers in question are uncertain or evasive.

The motion is joint as to said two interrogatories and must stand or fall as to both. The sixth interrogatory does not inquire as to the action of the county board but asks as to an act by the county. The answer is not only in the affirmative, but is unnecessarily explicit in stating that the county's act was performed by its ministerial agents, whether the commissioners or other ministerial agents does not appear, nor was that fact elicited by the interrogatory. The twelfth answer is not materially different from the sixth in form or substance, but if uncertain and if it should have been returned to the jury, the joint motion could not have been sustained.

Upon the action of the court in overruling the motion for a new trial, the appellant first insists that it was fatal to the appellee's recovery, that she failed to prove, as a jurisdictional fact, that she had filed her claim for allowance before the appellant prior to filing her complaint in this cause. This question has been decided against the views of the appellant. *Bass Foundry, etc., Works* v. *Board, etc.,* 115 Ind. 234; *Board, etc.,* v. *Leggett,* 115 Ind. 544; *Board, etc.,* v. *Arnett, supra.*

It is next urged that the evidence established, without

conflict, that the bridge in question was one whose chord was less than twenty-five feet. From this conclusion it is argued that under section 3282, R. S. 1894, section 2892, R. S. 1881, the bridge was a township and not a county bridge.

We are unable to concur in appellant's construction of that provision of the statute. It expressly provides that "The board of commissioners of such county shall cause all bridges therein to be kept in repair."

It also provides that the board shall cause the township superintendent to place a warning against fast driving "at each end of any bridge in his district whose chord is less than twenty-five feet." The duty of the board as to repairs is not diminished by this provision, nor is any duty enjoined upon the superintendent as to repairs.

The statute in no way defines the size of the bridge which counties shall maintain.

The contention that the evidence establishes the fact that the horse did not fall from the bridge, but that he was driven over the embankment at the end of the bridge can not be passed upon by us. The evidence is in conflict upon that subject, and it is not our duty or privilege to weigh the evidence.

The same may be said with reference to other propositions urged by the appellant, especially as to the character and extent of appellee's injuries, the fact as to whether appellee jumped or was thrown from the wagon, and whether the bridge spanned a watercourse. As to the location of the bridge, whether within the city of Seymour or outside thereof, the question is in more doubt than any of the above questions, as they arise upon the evidence. It is not claimed by any witness that there is more than five feet off the west side of the bridge that is within the corporate limits of said city, while the un-

contradicted evidence is that it was built by the township and rebuilt by the township. However, it is claimed by the appellant that the city, after the rebuilding of the bridge, paid to the township one-half of the cost thereof.

The only evidence in the record of the location of the corporation line is that shown by a map of an addition to said city extending from said city south to and beyond said bridge, and on the west side thereof. From that map, it appears that the corporation line passes along the west line of the highway, and includes no part of said bridge. While the map appears to have been made by and placed in the record as an exhibit with the evidence of said witness, he does not testify to its correctness, nor is it certified by any officer. It appears in the record without objection or exception. The evidence, as we have stated it, does not present a conflict, since the payment by the city of a part of the cost of building the bridge neither subjects it to city control nor diminishes the interest in or duty over said bridge by the appellant.

Aside from the circumstance of paying a part of said cost by the city, we think the evidence sufficient to establish, *prima facie*, that the bridge was one, though built by the township authorities, over which the appellant had control.

In their answers to interrogatories, the jury find that no part of the bridge was within the city, and if there were conflict in the evidence upon this subject, we could not pass upon such conflict. See cases above cited as to duties of counties in maintaining public bridges.

We are not to be understood as holding that bridges within cities or towns, or those not over watercourses, or those simply forming a part of a public highway, whatever their size or character, are subject to county control

and as necessarily subjecting counties to liability for injuries from defects. The case presented does not require decision upon any such question.

Objection is made that the court permitted evidence of declarations of pain and suffering by the appellee after the occurrence and up to the time of bringing this action. Such evidence has so frequently been held admissible that it would seem unnecessary to collect the cases or state their reasons. Some of them are *Chicago, etc., R. R. Co.* v. *Spilker,* 134 Ind. 380; *Rhodes* v. *Slate,* 128 Ind. 189; *Board, etc.,* v. *Pearson,* 120 Ind. 426; *Board, etc.,* v. *Leggett, supra; Louisville, etc., R. W. Co.* v. *Wood,* 113 Ind. 544.

We find no error in the record for which reversal can be had, and the judgment of the circuit court is affirmed.

Filed Oct. 16, 1894; petition for a rehearing overruled Dec. 18, 1894.