No. 1,508.

## THE BOARD OF COMMISSIONERS OF JACKSON COUNTY v. NICHOLS.

PLEADING.—*Sufficiency of Complaint.—Damages.—Defective Bridge.*— That the complaint, in an action for an injury sustained by reason of a defective bridge, is sufficient, see opinion. *Board, etc.,* v. *Nichols,* 139 Ind. 611, adhered to.

FORMER ADJUDICATION.—*Rejecting Claim by Board of Commissioners.— Object of Statute Requiring Claim to be Filed.*—The rejection of a claim by board of commissioners for injuries sustained by reason of a defective bridge, does not constitute an adjudication of the matter so as to bar an action for the same in the circuit court. The object of the statute requiring a claim against a county to be-first filed and presented to the board of commissioners for allowance before bringing a suit thereon is to give the county an opportunity to discharge its legal obligations without the expense of a lawsuit.

SAME.—*County Commissioners.—Ministerial Act.—Claim.*—The board of commissioners in hearing a claim acts merely as an auditing committee, and its act in allowing or rejecting a claim is ministerial and not judicial.

INTERROGATORIES TO JURY.—*Refusal to Submit, When Not Reversible Error.*—A refusal to submit interrogatories to the jury will not amount to reversible error where it does not appear that the party was injured thereby.

From the Lawrence Circuit Court.

*D. A. Kochenour, N. Crooke, B. H. Burrell* and *F. Branaman,* for appellant.

*A. N. Munden, J. T. Arbuckle* and *J. A. Zaring,* for appellee.

LOTZ, J.—The wife of the appellee was injured by falling from a bridge while traveling on a public highway. He brought this action to recover damages for the loss of her services and companionship, and for expenses incurred on account of medical treatment and nursing.

It was alleged that the appellant was negligent in failing to keep the bridge safe and in proper repair.

Issue was joined and the cause tried by a jury, which returned a general verdict for the appellee in the sum of $3,000.

The first error assigned is the overruling of a demurrer to the amended complaint.

The complaint, in all of its essential averments, except as to the name of the plaintiff, and as to the loss of services and expenses incurred, is the same as that in the case of *Board, etc.,* v. *Nichols,* 139 Ind. 611, and, within the rules there announced, is sufficient.

It is next insisted that the court erred in sustaining a demurrer to the second paragraph of appellant's answer.

This paragraph attempts to plead a former adjudication. It is alleged that prior to instituting this action the appellee filed his claim for the same cause of action before the Board of Commissioners of Jackson county, and that said board rejected and refused to allow the same, and rendered judgment that he take nothing on account thereof, and that said judgment is still in force and unappealed from.

The object of the present statutes in requiring a claim against a county to be first filed and presented to the board of commissioners for allowance before bringing suit thereon is to give it an opportunity to discharge its legal obligations without the expense of a lawsuit. *Bass, etc., Works* v. *Board, etc.,* 115 Ind. 234. The board in hearing such claim acts merely in the capacity of an auditing committee. Its action is ministerial and not judicial. Any order made by it in allowing or in refusing to allow the claim does not rise to the dignity of a judicial determination or judgment.

The demurrer was properly sustained to this answer.

Under the assignment that the court erred in overruling the motion for a new trial, it is insisted that the court should have required the jury to answer certain interrogatories, requested by the appellant. It was averred in the complaint that the bridge was unsafe and dangerous, because of appellant's negligence in constructing it too narrow, and in failing to put balustrades on the side.

One of the interrogatories requested was as follows: "Was the culvert or bridge in question too narrow?"

Conceding, without deciding, that this question was proper and should have been given, it does not follow that the refusal to give it necessarily constitutes reversible error. The jury, in answer to other interrogatories, found that there were no guards or balustrades at the sides of the bridge, and that the injury resulted from this cause. If the appellant was negligent in this respect and the appellee and his wife free from contributory negligence, which latter finding is included in the general verdict, the judgment rendered was right and the error complained of will not avail in securing a reversal.

Complaint is made of the refusal of the court to give other interrogatories. But these were properly refused within the rule laid down in *Board* v. *Nichols, supra.*

It is also contended that the court erred in giving certain instructions and in refusing others. The court instructed the jury fully on all the questions involved in the case, and they were fairly presented to the jury. After a careful examination of the whole record before us, we have arrived at the conclusion that the judgment is right and should be affirmed. So ordered.

