TRIPLETT ET AL. *v.* CARLSON ET AL.

[No. 25,793.   Filed June 22, 1934.]

*T. B. Cunningham, F. G. Richmire,* and *M. E. Graves,* for appellants.

*J. C. Murphy* and *Hanley & Hanley,* for appellees.

FANSLER, J.—Appellees filed their petition before the Board of Commissioners of Newton County for the repair of a public drain established by said board and known as the William Baker Ditch. Appellant, Triplett, filed a motion to dismiss the petition upon the grounds (1) that the board of commissioners had no jurisdiction to try and determine the petition "in the manner and form and under the law which it is drafted," and (2) that the jurisdiction of the board to change and widen or repair the drain was ousted by reason of its having been privately dug to a greater depth and width than the original specification.

The proceeding was brought under ch. 166, Acts of 1927, p. 507, and, while the petition is not a model pleading, it contains all of the allegations necessary to bring it within the statute, and, since but little formality is required in pleadings before a board of commissioners, it is sufficient. *Straus Bros. Co.* v. *Fisher* (1928), 200 Ind. 307, 163 N. E. 225.

The petition prays for the repair, reconstruction, and extension of a part of the original ditch, and the repair,

recleaning, and incorporation into the ditch of a private ditch. The statute contemplates that the course of the original drain may be changed under such a proceeding, and provides that where landowners have advanced money in making repairs to the drain, and have not been repaid, money so advanced shall be taken into consideration by the viewers in estimating the cost of repairs. This would seem to negative the suggestion that, because changes had been privately made in the original plan of the ditch, the commissioners are ousted of jurisdiction, nor do we find any authority or reason supporting the suggestion. It is surely not contemplated that, because one whose lands are drained by a regularly established public ditch, privately deepens and widens the structure, without consent or authority from the court or other affected landowners, the commissioners are forever ousted from jurisdiction and control over the structure. The motion to dismiss the petition was properly overruled.

Thereupon appellant, Triplett, and thirty-two others, constituting more than two-thirds in number of the landowners named in such petition, filed a remonstrance, but the statute expressly provides that no such petition shall be denied by reason of the filing of such remonstrance, and the remonstrance was stricken out by the board of commissioners. This was not error. The commissioners thereupon referred the petition to the drainage commissioners, with orders to report on a given date. The time for reporting was extended from time to time, and the report was finally filed on May 7, 1928. Appellant, Viola D. Gorman, filed what is denominated a plea in abatement, which was sworn to on the 16th day of May, in which she asks that the cause be dismissed because the commissioners failed to file their report on February 6th, the date fixed by the court, and that no extension of time was asked or

granted, or date fixed when the commissioners should file their report. As pointed out, the report had been filed before the so-called plea in abatement. It has been held by this court that a failure of the commissioners to report at the time designated is not ground for a discontinuance or dismissal of the petition. The plea or motion to dismiss was properly overruled. *Bohr* v. *Neuenschwander* (1889), 120 Ind. 449, 22 N. E. 416.

Thereafter an amended report was filed, to which appellant, Triplett, and others filed remonstrances. The cause was heard by the commissioners upon the report and the remonstrances. There was a finding for certain remonstrators, and the assessments on certain lands were ordered modified. The report was otherwise approved and confirmed in findings which were sufficient to sustain the proceedings under the statute. Appellants objected and excepted and prayed an appeal. All of the motions and remonstrances filed in the commissioners' court were refiled in the circuit court, with the same rulings, in which we find no error.

On the trial in the circuit court the evidence consisted of the petition and the report of the drainage commissioners, and a report of commissioners appointed upon the petition of H. M. Goddard to repair the same ditch some years earlier. It appeared, however, that the ditch had not been repaired under the Goddard proceedings. It is contended by appellants that the Goddard proceedings, which are referred to as "the judgment establishing the Goddard Ditch," took the Baker Ditch out of existence, and that, therefore, being out of existence, a petition to repair it could not be maintained. But the Goddard petition was not a petition for a new ditch. It was a petition to repair and reconstruct the Baker Ditch, and, while there was a judgment confirming the report of the commissioners, no work was ever done under it, and the Baker Ditch

remained as it was before the Goddard proceedings were commenced. It is urged that there is no evidence in the record that warranted the judgment that the Baker Ditch was out of repair and did not accomplish the drainage for which it was intended. The evidence shows that there were obstructions and fills in the drain, and a necessity for grubbing and removing trees and willows from the channels. This evidence was sufficient.

Appellants contend that because the repairs contemplated the incorporation of a private drain, the court had no jurisdiction of the proceedings under the statute in question, and cite as authority for their contention the case of *Straus Bros. Co.* v. *Fisher, supra.* But there is nothing in this proceeding to show that the work as proposed contemplates the drainage of any territory in addition to the basin assessed for and intended to be drained by the original Baker Ditch.

Appellants contend, for the first time, in this court that the board of commissioners and the circuit court had no jurisdiction for the reason that the transcript of the proceedings in the commissioners' court filed in the circuit court does not show the filing of a bond by the petitioners at the time their petition was filed with the county auditor, and it is contended that the filing of the bond was necessary to give the commissioners and the circuit court jurisdiction. But it is not made to appear affirmatively that no bond was filed. At most it appears that the transcript filed with the clerk of the circuit court by the county auditor does not show the filing of a bond. Appellees in their brief assert that a bond was filed, and a copy of it is set out in their briefs, and appellants do not deny that it was in fact filed with the petition. Since the commissioners took jurisdiction of the petition and tried the

cause, we must assume that a bond was filed unless the contrary affirmatively appears, and the same is true of the proceedings in the circuit court. Failure to file a bond is a defense, which appellants were required to allege and prove in either court if they would take advantage of it. *Board of Commissioners* v. *Leggett* (1888), 115 Ind. 544, 18 N. E. 53; *Lake Agricultural Co.* v. *Brown* (1917), 186 Ind. 30, 114 N. E. 755.

We find no error in the record. Judgment affirmed.