WALL *v.* WILSON ET AL.

[No. 28,822. Filed June 17, 1952. Rehearing denied October 17, 1952.]

*Hillis & Hillis,* of Logansport, for appellant.

*Hurst & Grund,* of Peru, and *Hanna, Small & Campbell,* of Logansport, for appellees.

DRAPER, J.—In 1942, pursuant to proceedings duly had, a judgment was entered in the Cass Circuit Court on the petition of the appellant, Edna Wall, establishing as a new and independent drain the Wall ditch, a reconstruction of an already existing public drain known as the Reavis ditch, located in Tipton township in said county. James Chase, the county surveyor, at once advertised for bids for the construction of said ditch, but was unable to secure bids within the estimated costs or benefits, and no contract for construction was let.

No further steps were taken by anyone until February 10, 1948, when the appellees, Harmon L. Wilson et al., (hereinafter referred to as Wilson) filed their

petition in the original proceedings whereby they asked for reassessment and prompt construction of the proposed drainage. Chase, the surveyor, likewise filed his request that the petition of Wilson be granted, and that proceedings be had in accordance with said petition.

Thereupon the court granted the petition and the request of the surveyor, and entered an order to the surveyor to make an assessment of benefits and damages against the land involved, and to apportion the cost of construction to said land and report the same to the court on or before March 1, 1948. The order was entered *ex parte* and without notice of any kind to Wall.

On February 24, 1948, the surveyor filed his amended report which was approved by the court, and March 27, 1948, was fixed as the date for hearing on the assessments set out in the amended report. On March 24, 1948, three days before the date set for hearing, Wall entered her special appearance for the purpose of filing a plea in abatement of the proceedings then pending under the petition, and did then file her plea in abatement, and on said date she also delivered to the county surveyor a copy of said plea.

On April 27, 1948, the surveyor filed his final decision confirming said amended report. On the same day a motion to strike out the plea in abatement was filed. On May 2, 1949, said motion was overruled. On June 9, 1949, Wilson filed demurrer to the plea in abatement, which demurrer was sustained on January 24, 1950. On April 6, 1950, Wall tendered an answer in two paragraphs to the Wilson petition. Leave to file was denied. On June 14, 1950, the court entered judgment approving the amended report and the final decision of the surveyor, and referring the matter of the drainage to the county surveyor for construction.

Wilson's petition recites the original judgment, the inability to construct the project within the estimated costs or benefits due to lapse of time and increasing costs, and further recites that certain of the affected land owners have done some work and ditching, and have placed on the land tile for the construction of a drainage ditch or system sufficient for the drainage of their own land, but insufficient to provide drainage for other land owners, and that such persons should be allowed as against the amounts assessed against them, the reasonable value of the work they have done, and for such of the tile purchased as can be utilized in the completion of the construction of the work proposed in these proceedings, provided that such tiles are released to the surveyor and made available to the contractor for use of the ditch herein proposed. The prayer of the petition is that the court order reassessment by the surveyor, that said assessments be finally confirmed by the court, and said drainage system be ordered constructed accordingly.

The surveyor's amended report shows that the open portion of the ditch from Station 0 to 14 has been cleaned by certain of the land owners at a cost to them of $300, and that all that part of the ditch so cleaned which meets the required grade of the specifications will be accepted, and due allowance made on the assessments of land owners when the final assessments are made; that Wall has purchased tile, and that the contractor will be authorized to use all such tile as are suitable, and Wall shall be reimbursed therefor at the same price as the original cost of said tile, the amount to be credited against her assessment. The cost of construction was estimated at $2,915.50 and the benefits at $3,000, and a new assessment list was made whereby the original assessments are each increased by 1.9 times, the new

list being attached to the report and made a part thereof.

Wall's plea in abatement, to which the demurrer was sustained, is drawn on the theory that the court had no jurisdiction to proceed under Wilson's petition because the steps necessary to the original establishment of a ditch, such as notice of the filing and pendency of the petition, the endorsement thereon of the day set for docketing, the appointment of viewers, etc., were not taken, it being her position that Wilson could not proceed under Burns' 1948 Replacement, §27-122 (which section is reproduced in the margin),[1] pursuant to which Wilson's petition was obviously drawn, because that section is not applicable in the light of changed conditions shown by the petition. She asserts that the Wilson petition attempts to procure the construction of a drainage project substantially new and different from the Wall ditch. This is based upon the allegations of work done by certain land owners to relieve their own land and tile purchased for the same purpose, the claim being that the issue of changed conditions was involved to such an extent that a materially new and different drainage system was to be considered and passed upon, and that where changed conditions make it appear that a new issue of benefits and damages will necessarily be involved, it is necessary to follow the requirements of other sections of the statute which govern the determination of such issues.

---

[1] "In the event that the surveyor shall be unable to let a contract and construct or repair any ditch for the estimated cost of construction, he may increase the assessments made under such estimate, but not to a sum exceeding the estimated benefits. In case such surveyor shall find that such ditch can not be constructed or repaired at an expense within the assessed benefits, he shall report such fact to the court, or the judge thereof in vacation, which shall immediately order a new assessment of

The judgment establishing the ditch, rendered in 1942, was a final judgment which remained on the docket for the purpose of carrying into effect the judgment actually rendered. *Perkins et al.* v. *Hayward et al.* (1892), 132 Ind. 95, 31 N. E. 670; *Wabash R. R. Co.* v. *Todd* (1917), 186 Ind. 72, 113 N. E. 997, 114 N. E. 975; *Heath v. Fennig* (1942), 219 Ind. 629, 40 N. E. 2d 329. The fact that an individual land owner privately does some work for the purpose of draining his own land, but insufficient to provide drainage for other affected land owners, or places tile on his land for use in connection with such a project, without consent or authority from the court or other affected land owners, would not affect the binding effect of the judgment or oust the court from jurisdiction to proceed with the execution of it, pursuant to the provisions of §27-122, *supra.* Cf. *Triplett* v. *Carlson* (1934), 206 Ind. 673, 191 N. E. 82.

The law furnishes a method for proceeding to obtain relief under circumstances in which those who made these expenditures found themselves. Relief under §27-122, *supra,* will not be denied because some of the affected land owners voluntarily create a change of conditions, by doing work or furnishing materials for the purpose of affording themselves private drainage, even though such activities may be of sufficient consequence to affect the assessment of benefits and damages which is to be made by the surveyor. We reject Wall's contention that this action is or should be one to establish a new and materially different drainage project from

benefits and damages, and, after making such increased assessments, he shall report the same to the court, or the judge thereof in vacation, and give notice, fixing a date of hearing thereon, as provided for the original assessment, and landowners shall have the same right to remonstrate and appeal as is provided for in the case of original assessments."

the project as established in 1942. The petition was properly filed pursuant to the provisions of §27-122, *supra*. That section does not require the repetition of the steps essential to the establishment of a new drain. It is a supplemental provision properly invoked, under appropriate circumstances, by a petition drawn and filed pursuant to the provisions thereof. We think the demurrer was properly sustained.

Appellant's motion to reconsider the ruling sustaining the demurrer to the plea in abatement was overruled, and error is sought to be predicated thereon. A trial court may, in the careful exercise of his discretion, reconsider and change the ruling on a demurrer, *Dawson* v. *Acme Evans* (1948), 118 Ind. App. 49, 75 N. E. 2d 553, but we think no error can be predicated upon his refusal to do so. If the ruling is erroneous, error can be predicated upon the erroneous ruling, and if right, the reasons assigned by him in support of his ruling are immaterial. *State ex rel. Young* v. *Niblack* (1951), 229 Ind. 509, 99 N. E. 2d 252.

Sec. 27-122, *supra*, provides that after the making of increased assessments the surveyor shall report the same to the court and give notice, fixing a date for hearing thereon as provided for the original assessment, and the land owner shall have the right to remonstrate and appeal, etc. The requirements of notice there referred to are to be found in §27-112 of the statutes. That section provides that upon the filing of the report and schedules by the surveyor a date not less than thirty nor more than forty days thereafter shall be fixed for hearing on such report, and it provides for the mailing of notices to interested parties and defines the contents of such notice.

As above stated, the hearing on the surveyor's report of increased assessments of benefits and damages was

set for March 27, 1948. On March 24th, Wall entered her special appearance and filed the plea in abatement above mentioned, and she delivered a copy thereof to the surveyor. No question concerning the sufficiency of the notice of the hearing set for March 27, 1948, was raised in said plea in abatement, nor was the sufficiency of that notice ever questioned until it was raised by the second paragraph of the answer which Wall tendered for filing more than two years later, and on the 6th day of April, 1950, and after she had filed other petitions, pleadings and briefs in the proceedings. The surveyor reported to the court that not less than thirty days and not more than forty days before the date for such hearing he notified interested parties by stamped five-day return postal cards. In the second paragraph of the answer later tendered by Wall she alleged that the postal card received by her was not mailed within five days from the 24th day of February, 1948, which was the date on which the court fixed the date for hearing, but that such card was deposited in the mail on March 8, 1948. If so, the notice, which is required to be given a minimum of twenty-five days before the date of hearing, was given nineteen days before that date.

The appellant relies strongly on *Scott et al.* v. *Brackett et al.* (1883), 89 Ind. 413, to sustain her contention that the court was without jurisdiction to proceed because of the inadequacy of the notice to Wall. In that case the notice required by the statute under which the drainage proceeding was brought was by the posting of certain notices of intention to present the petition. Proof thereof was required to be made by affidavit before reference of the petition to the drainage commissioners. The only notice provided for was constructive notice. The requirements of the statute were jurisdictional. It was alleged that the parties had no actual notice of the

pendency of the proceedings until after the rendition of the judgment. That case involved the original petition for the construction of the ditch, and it appeared that the parties had received no notice, either actual or constructive, prior to the rendition of the judgment.

In this case Wall was a party to the original judgment. She was, in fact, the petitioner, and she, like the other parties to the original judgment, was in court and was bound by the terms thereof. The requirements of §27-122, *supra,* concerning notice are not expressly made jurisdictional, as was the case in *Scott et al.* v. *Brackett et al., supra.* As said in that case: "This is the rule as to process; if none is served the court has no jurisdiction. If notice is given, but not such as is required by the statute, and the court proceeds, its action is at least erroneous, and will be reversed upon appeal, where there has been no waiver of the irregularity." Notice is a fundamental matter, but in proceedings of this character it may be waived, and notice is waived where there is an appearance. *Sunier* v. *Miller, Auditor* (1886), 105 Ind. 393, 4 N. E. 867.

Those who appear and actively participate in pending litigation without objection cannot later successfully urge the insufficiency of the notice that brought them there. It is true that notice is not waived where a party enters a special appearance and moves to dismiss the proceedings for want of notice, *Carr et al.* v. *Boone et al.* (1886), 108 Ind. 241, 9 N. E. 110. In this case Wall did appear and move that the proceedings abate for lack of notice, but not for the lack or inadequacy of the notice required to be given by the surveyor. Her plea in abatement was based on the lack of notice and other preliminary proceedings required in an original proceeding for the establishment of a drain. She did not appear specially and question the

sufficiency of the notice given by the surveyor, but on the contrary actively litigated these proceedings throughout, finally challenging the notice given by the surveyor, and admittedly received by her some nineteen days before the date set for hearing, some two years later. So far as the notice now under consideration is concerned, she must be held to have voluntarily submitted to the jurisdiction of the court. See *Gilbert v. Hall et al.* (1888), 115 Ind. 549, 18 N. E. 28.

Sec. 27-122, *supra,* extends to land owners the same right to remonstrate and appeal as is provided in the case of original assessments. Sec. 27-114 provides for the filing of remonstrances against the final decision of the surveyor within ten days. It is required to be in writing and be verified, and may be for any or all of the causes enumerated in said section. No remonstrance as so defined was ever filed by Wall. She did offer to file answer in two paragraphs, which has been referred to, and which answer the court would not accept for filing. It is asserted on the one hand, and denied on the other, that Wall was entitled to file such remonstrance, but nothing else at that stage of the proceedings. The question actually before us is whether the court erred in refusing to permit the filing of the answer she tendered for filing.

The unverified answer offered for filing was in two paragraphs. The first was in substance a reiteration of appellant's plea in abatement. The second challenged the sufficiency of the notice given by the surveyor of the hearing of the surveyor's report of increased assessment of benefits and damages set for March 27, 1948. As to the first paragraph we have held that it was unnecessary, in proceeding under §27-122, *supra,* to retake the steps essential to be taken prior to the rendition of the 1942 judgment. As to the second paragraph, we

have held that it came too late to raise any question concerning the sufficiency of the notice given by the surveyor. Any of the other allegations of the answer, which might conceivably be considered to have been available to appellant by way of remonstrance could not have that effect, for the pleading is wholly insufficient to qualify as a remonstrance. The court's refusal to receive the answer for filing, if erroneous, was not harmful. No remonstrance having been filed, questions which could properly be raised in that manner will not be considered.

The statute provides for adequate notice and opportunity to be heard. We find no lack of due process.

Judgment affirmed.

NOTE.—Reported in 105 N. E. 2d 343.