The Board of Commissioners of Allen County *v.* Creviston, Administrator.

Judgment affirmed,

Filed November 29, 1892.

---

No. 15,973.

THE BOARD OF COMMISSIONERS OF ALLEN COUNTY *v.* CREVISTON, ADMINISTRATOR.

PLEADING.—*County.* — *Bridges.* — *Complaint for Damages.*—*Sufficiency of.*— *Necessity of Alleging Vigilance by Specific Averments.*— *Weight of Engine, etc.,* —*Judicial Notice of.*—In an action against a county for damages sustained by reason of the falling of a bridge, the plaintiff alleged in substance that the board of commissioners constructed said bridge upon a certain highway, and negligently and carelessly constructed said bridge of defective timber in material parts, and suffered the same to remain there for more than five years, until it became rotten, brittle, weakened, and unable to support ordinary loads, passing thereon, with safety; that said board neglected and failed to repair the same, and put it in a safe condition for public travel, and failed to warn the public of its unsafe and dangerous condition, and that it remained in said unsafe and dangerous condition for more than one year before the injuries complained of; that at the time of receiving injuries, by reason of the falling of said bridge, the decedent was crossing the same on his engine and wagon, and without fault or negligence on his part, but by reason of the negligence of said board of commissioners in the construction thereof, and their failure to keep the same in repair, the same broke and fell, and so injured the decedent that he died therefrom, and that before the commencement of this suit the plaintiff filed a claim for damages, because of said injuries and death, before the board of commissioners, but that the board had disallowed and dismissed the same.

The Board of Commissioners of Allen County v. Creviston, Administrator.

*Held,* that the facts stated in the complaint were sufficient to constitute a cause of action.

*Held, also,* that a party is not required to show by specific averments in what particulars he was vigilant and careful, and wherein he refrained from doing negligent acts.

*Held, further,* that this court will not take judicial notice of the weight of an engine, boiler and wagon, and that an attempt to cross a bridge with the same was not *per se* negligence.

SAME.—*Damages.—General Negation of Contributory Negligence.—When sufficient.*—In an action for damages the general averment by the plaintiff that he is free from contributory negligence is sufficient unless the averment is overcome by other specific averments of fact in the complaint showing, notwithstanding, that he was guilty of negligence.

STATUTE CONSTRUED.—*Act of March 9, 1885, Acts 1885, p. 80.*—The act of March 9, 1885 (Acts of 1885, p. 80), does not limit appeals from boards of county commissioners to claims arising out of contracts.

COUNTY COMMISSIONERS.—*Bridges.—Construction of.—Degree of Care Required in Construction and Repairing.—Chargeable with Knowledge of Deterioration.*— It is the duty of county commissioners to use at least ordinary care in the construction of bridges and in the selection of materials to be used in their construction, and after they have been constructed they are chargeable with the knowledge of the tendency of the materials used to deteriorate from the effects of age, use and the exposure to the elements, and the law requires them to use at least ordinary care to guard against the effects of said deterioration.

BRIDGES.—*When Traveler not Bound to Inspect.—Unusual Use of.—Presumption of Duty.*—A traveler on a public highway approaching and about to cross a bridge has a right to assume that the officers under whose supervision it was constructed, and who are charged with the duty of its maintenance have done their duty, unless he proposes to transport over it a load of unusual weight or in some other manner subject it to undue strain, or if there is any other fact of a character to suggest to the mind of a man of ordinary prudence that the bridge is unsafe or is insufficient in any manner for the use to which he is about to subject it, it would be his duty to make some investigation or examination.

From the Adams Circuit Court.

*R. C. Bell* and *S. R. Morris,* for appellants.

*J. C. Branyan, B. M. Cobb, M. L. Spencer* and *C. W. Watkins,* for appellee.

McBRIDE, J.—Horace M. Wright was killed by the breaking down of a bridge in Allen county.

This suit was brought by his administrator to recover damages of the appellee for his death on the ground that it was caused by actionable negligence, both in the erection and in the maintenance of the bridge. The errors assigned and discussed relate:

*First.* To the sufficiency of each paragraph of the complaint.

*Second.* To the action of the trial court in sustaining a demurrer to the second paragraph of answer.

*Third.* To the action of the trial court in refusing to render judgment in favor of the appellant on the special verdict of the jury, and in rendering judgment in favor of appellee thereon.

The first paragraph of complaint, after certain prefatory averments, alleges: "That said board of commissioners, having competent authority so to do, did erect on said highway a bridge upon and over Pleasant Run, a stream there situate and crossing said highway at a point one and three-fourth miles north of the south line of said township, so as to connect the banks of said stream on the line of said highway for the public to pass over and along said highway as travelers thereon. That said board of commissioners negligently and carelessly constructed said bridge, in part, of defective and wind-shaken timber, in material parts thereof, and suffered the same to remain there for more than five years, and negligently suffered the same to then remain in said bridge until it became rotten, brittle, weakened and insufficient to support the ordinary loads passing thereon with safety.

"That said bridge was twenty-nine feet in length, eighteen feet in width and eight feet in height from the bed of the stream. And said board failed and neglected to repair the same, and put it in a safe condition for the public travel, and failed to remove the same; and failed and neglected to warn the public of its unsafe and dangerous condition, and suffered it to so remain dangerous

for more than one year before the 2d day of October, 1889, at which time said Horace M. Wright, who was then and there in the employ of Henry M. Sparks, on his engine and wagon, and when on said bridge, without fault or negligence on the part of said Wright, said bridge, by reason of said negligence of the board of commissioners in the construction thereof, and in their failure to keep the same in repair, being rotten in material parts thereof, the same broke and fell down into the bottom of said stream, and threw and precipitated said Wright down between said engine and boiler and wagon attached thereto, fastening, pinning and holding him fast between said engine and boiler and said wagon in such a way that the hot, boiling steam, ejected therefrom, scalded, boiled and burned his body from his breast to his ankles and his arms and hands until the nails of his fingers came off, and the skin and flesh dropped off and rotted off from near his neck to his feet, the entire length of his body, causing him great pain and anguish of body and mind of the most excruciating kind, and of long enduring, and ending in his death, leaving his wife and six children, etc.   *   *   *   *   *   All of which was occasioned by the negligence of said board of commissioners as aforesaid, and without fault or negligence of said Horace M. Wright, etc." It is also averred that before the commencement of this suit the plaintiff had filed a claim for allowance before the board of county commissioners upon the same cause of action, but that the board had disallowed and dismissed the same.

The second paragraph is substantially a repetition of the first, except that it is averred that the highway of which the bridge in question formed a part, had become a public highway by use for more than twenty years, while in the first paragraph it is alleged that it had been established by order of the board of county commissioners.

While this complaint may well be subjected to criticism

upon some grounds, we are of the opinion that it states a good cause of action.

No question is better or more firmly settled in this State than that counties are liable for negligence in the construction and maintenance of bridges. *Board, etc.,* v. *Chipps,* 131 Ind. 56; *Apple* v. *Board, etc.,* 127 Ind. 553, and cases cited in both.

Boards of county commissioners erecting bridges, or charged with the maintenance of bridges already erected, are required to exercise at least ordinary care in so doing. The negligent use of defective material in the construction of a bridge, or negligently allowing the timbers composing a bridge to become so rotten, brittle and weakened that they will not for that reason support the ordinary loads, passing thereon, with safety, is actionable, and is sufficient to render the county liable to one who is injured by reason thereof, who is himself without fault.

The complaint clearly shows actionable negligence. It is expressly averred that the decedent's death was caused by such negligence, and that he was himself without fault or negligence.

It is equally well settled as a rule of pleading in such cases that the general averment by the plaintiff of freedom from contributory fault or negligence is sufficient, unless it is overcome by other and specific averments of fact in the complaint, showing, notwithstanding, that he was guilty of negligence. *Ohio and Mississippi R. W. Co.* v. *Walker,* 113 Ind. 196; *City of Wabash* v. *Carver,* 129 Ind. 552.

A party is not required by specific averment to show in what particulars he was vigilant and careful, and wherein he refrained from doing negligent acts. As said by Elliott, J., in *Ohio, etc., R. W. Co.* v. *Walker, supra.* : "If the specific facts absolving the plaintiff from fault must be pleaded, then it would be necessary to enumerate every fact that might be considered as tending to charge him with fault,

and negative its existence. In some cases this process of enumeration and exclusion would be practically impossible; in others it would lead to a prolixity of pleading that would do no good, but would produce uncertainty and confusion."

This disposes of many of the objections urged to the complaint. It is contended by the appellant that the specific averments of the complaint show affirmatively, that the decedent was not attempting to transport the usual and ordinary load over the bridge in question, but was subjecting it to an unusual use and weight, because it appears that he was taking an engine, boiler and wagon over it when it fell. This would require at our hands an unwarranted extension of the range of judicial notice. Courts could with equal certainty and assurance take judicial notice of the weight of any other vehicle or load.

To sustain the appellant's contention would require us to hold that to attempt to cross a bridge with an engine, boiler and wagon was *per se* negligence so gross as to overcome the general averment that the party was free from negligence or fault. This we can not do. *City of Wabash* v. *Carver*, *supra*.

The appellant also contends that the complaint is bad because it shows that the decedent was in the employ of Henry M. Sparks and does not show that Sparks was free from fault. This was not necessary.

The second paragraph of the appellant's answer was a plea of former adjudication. It alleged in substance the filing of the claim before the board of commissioners of Allen county; that it was duly submitted to them for trial, and evidence being heard, etc., a judgment was rendered disallowing the claim and awarding costs against the applleee and in favor of the appellant; that the judgment is in full force, unreversed and unappealed from, and that the claim thus adjudicated was on the identical cause of

action and between the same parties as that presented by the complaint herein.

An act of the Legislature approved March 9, 1885, section 1948, Elliott's Supplement, provides that, "Any person or corporation feeling aggrieved with any decision of the board of county commissioners, made as hereinbefore provided, may appeal to the Circuit or Superior Court of such county, as provided by law. No appeal shall be from the decision of said board making allowances for services voluntarily rendered or things voluntarily furnished for the public use. From all other decisions for allowances an appeal may be taken within thirty days to the Circuit or Superior Court of the county, the party giving sufficient bond payable to said board. If a claim be disallowed in whole or in part, except where the claim is for services voluntarily rendered or things voluntarily furnished, the claimant may appeal, or, at his option, bring an action against the county; but if he shall not recover more on such appeal than is allowed, he shall pay the costs of such appeal."

The appellant contends that the provision of the statute quoted, which allows the party to appeal, or, at his option, bring an action against the county, only applies to cases where the claim arises out of contract, and has no application when the claim sounds in tort. We find nothing in the language of the statute thus limiting it, and we can see no reason for limiting it by construction. In our opinion, the Legislature did not intend to make any such distinction in the two classes of cases. *Bass Foundry and Machine Works* v. *Board, etc.*, 115 Ind. 234.

The answer was bad.

The special verdict finds that the decedent died on or about the 7th day of January, 1890, from injuries caused by the breaking down of a bridge, on the 3d day of October, 1889, and gives the dimensions of the bridge; that it formed part of a public highway in Allen county, which

had been in continuous use by the public as a highway for more then twenty years prior to the date of the injury, and that the bridge was constructed by the appellee in the year 1882.

It further finds, "that said board of commissioners negligently suffered certain parts of said bridge to be constructed, in material parts thereof, of wind-shaken timber, and suffered the same to remain thus for about eight years, without making any examination of the same to ascertain whether the same had become rotten, brittle, weakened and insufficient to support the ordinary loads passing thereon with safety.

"We further find that said bridge, in material parts thereof, was constructed of defective timber, wind-shaken, and readily inclined to rot; and we find that said timber, in material parts thereof, had become rotten, brittle and weakened, unsafe and dangerous, and suffered to remain so for a long time, to wit, for one year prior to the breaking down of said bridge; but that said defective quality of said bridge was not visible to the casual passer thereon, but that it was of such a character, that had it been inspected by said board of commissioners, or men expert in the quality, strength and character of timber and bridges, it was easily discernible.

"We further find that no precaution had been taken by said board of commissioners of Allen county to put the said bridge in a safe condition, and that no repairs had been made thereon from the time of its erection until after the same broke down with Horace M. Wright on the 3d day of October, 1889; and we further find that said board of commissioners neglected to, in any way, warn the travelers thereon of its dangerous condition.

"We further find that on the 3d day of October, 1889, while traveling along and over said highway, and on and over said bridge, said Horace M. Wright, who was then and there in the employ of Henry M. Sparks, on his

engine and wagon, and when on said bridge, without fault or negligence on his part, said bridge, by reason of the said negligence of said board of commissioners in the construction of said bridge, and neglect to keep the same in repair, the said bridge broke and fell, etc."

Judged by the decided cases in this court, there can be no question as to the liability of the county on the facts found.

It is the duty of boards of county commissioners to use at least ordinary care in the construction of bridges, and in the selection of material to be used in their construction. After bridges have been constructed they are chargeable with knowledge of the tendency of the material used to deteriorate from the effects of age, use and exposure to the elements, and the law requires them to exercise at least ordinary care to guard against the effects of such deterioration. The special verdict finds that they not only negligently used unfit and unsafe material, but that during eight years of use and exposure to the elements they made no inspection of it, nor in any manner exercised any care whatever to ascertain its condition. The jury finds that the defects were of such a character that it would have been "easily discernible" if they had inspected it. There is no escape from the conclusion that they were guilty of actionable negligence. *House v. Board, etc.*, 60 Ind. 580; *Board, etc., v. Legg*, 110 Ind. 479; *City of Indianapolis v. Gaston*, 58 Ind. 224; *Town of Elkhart v. Ritter*, 66 Ind. 136; *Patton v. Board, etc.*, 96 Ind. 131; *Board, etc., v. Brown*, 89 Ind. 48; *Vaught v. Board, etc.*, 101 Ind. 123; *Board, etc., v. Dombke*, 94 Ind. 72; *Apple v. Board, etc.*, 127 Ind. 553; *Board, etc., v. Chipps*, 131 Ind. 56.

There is no ground for the contention of the appellant, that it does not find the facts showing negligence on the part of the county.

The appellant insists that the verdict is insufficient to justify a judgment in favor of the appellee because it does

not find that the decedent made any examination of the bridge before going upon it with what the appellant assumes was an " unusual load." The verdict does not find that the load was unusual. On the contrary, the jury expressly find that " had the timber in said bridge been sound the same would have carried said load over safely." They find that there was nothing to indicate to the casual passer any defect in the structure. The traveler on a highway, approaching and about to cross a bridge, has the right to assume that the officers under whose supervision it was constructed, and who are charged with the duty of its maintenance, have done their duty. Unless he proposes to transport over it a load of unusual weight, or in some other manner to subject it to undue strain, he need not examine it, but may rely upon its apparent condition of soundness and safety. Undoubtedly, if the load which he proposed to transport over it was an undue or unusual load, or if there was anything in the appearance of the structure, or any other fact of a character to suggest to the mind of a man of ordinary prudence that the bridge was unsafe, or was insufficient in any manner for the use to which he was about to subject it, it would be his duty to make some investigation or examination.

In the case at bar there is an express finding, showing that if the bridge had, in fact, been what its appearance indicated, the decedent could have passed over it in safety. The finding as to his freedom from fault is sufficient. We find no error in the record.

Judgment affirmed, with cost.

Filed November 29, 1892.