Bass Foundry and Machine Works *v.* Board of Comm'rs of Parke Co.

No. 15,987.

THE BASS FOUNDRY AND MACHINE WORKS *v.* THE BOARD OF COMMISSIONERS OF PARKE COUNTY.

FORMER ADJUDICATION.—*Judgment of Board of Commissioners Unappealed from.*—*Action in Circuit Court.*—At a time when no court could have jurisdiction of a claim against a county, except on appeal from the decision of the board of commissioners, an answer to an action on such a claim in the circuit court, that previous (giving the date) to the commencement of this action, plaintiff presented and filed with the county auditor of said county its claim against defendant for $17,886.05; that the same was duly presented to the board of commissioners; that the claim was considered by the commissioners, and they rendered their decision and entered of record their judgment disallowing the same, and taxed the costs to appellant, from which decision and judgment no appeal was ever ever taken, and the same remains in full force and effect; and that the same was rendered on the same and identical claim and cause of action sued on in the complaint in this action,—constitutes a good answer in bar of the action, on the ground of former adjudication.

From the Vigo Superior Court.

*J. Morris, R. C. Bell, J. M. Barrett, S. L. Morris, T. W. Rice* and *J. S. Johnson,* for appellant.

*D. H. Maxwell, H. Maxwell, C. McNutt* and *J. G. McNutt,* for appellee.

OLDS, J.—This cause has been in this court once before. 115 Ind. 234.

The complaint is substantially the same as on the former appeal. It alleges that on the 11th day of December, 1880, and prior thereto, appellee had been engaged in erecting and constructing a court house and jail at Rockville, for which plans and specifications had been made and adopted; that the letting of the contract had been all done in conformity with law, and one Myers, defendant in the case, was the lowest bidder for the work and materials; that he entered into the contract

as required by law, and gave bond; that said Myers sublet portions of the work; that prior to the commencement of the work he had entered into a contract with appellant to furnish all materials, and perform all labor necessary to put in place in the building the boilers and other work denominated iron work, for $32,071.19, and appellant had performed a portion of its work, and had been paid part of the same; that on December 11, 1880, Myers abandoned the work, and refused to perform his contract with appellee or appellant; that at the time there was a large sum due appellant from Myers, which was unascertained; that Myers was insolvent; that the work remaining to be done to complete the contract between appellant and Myers at the contract price, would amount to $11,500; that by the terms of said contract between appellee and Myers, it was provided that if he should abandon his work on said buildings, the board should have the right itself to proceed to complete the work on such terms as it could obtain, and hold his sureties therefor; that the contract also provided, that if Myers failed to pay money due for materials or labor the board should have the right to pay the same and charge it as a payment on the contract; that upon Myers' default the board declared the contract forfeited, and determined to complete it under the contract, and hold his sureties; that at the time appellee so determined, the price of iron had advanced more than 100 per cent., and if appellee bought from any others than appellant it would have to pay such advance; that appellant at the time had the iron and was willing to furnish it to appellee at the reduced price, in consideration that the full price at which it (appellant) agreed to furnish it to Myers could be secured to it, including the sum due and unpaid from Myers, and which had not been ascertained; that thereupon appellee entered into

negotiations to get appellant to furnish all the iron work under the contract, and the same resulted in a proposition on appellant's part to do it; the board to be responsible for amounts due and to become due on his contract, which proposition was accepted, appellant, however, to obtain judgment liens against Myers and the board, and thereby enable appellee to hold Myers and his bondsmen. The complaint then avers full performance and acceptance of the work; also that there was due on December 20, 1880, $10,000, and that the work thereafter done amounted to $17,000; that the board took possession of the buildings and have ever since occupied them, and that said amounts are all due and unpaid.

The appellee filed a motion to strike out all those portions of the complaint which seek to recover the indebtedness of Meyers to the appellant under the original contract, and the court sustained the motion, and this ruling is assigned as error. This ruling is in harmony with the decision in this case on the former appeal, 115 Ind. 234. On that appeal it was expressly held that the appellant could not recover for the indebtedness due from Meyers, the payment of which is alleged to have been assumed by the appellee. The court said: "The commissioners had no power to assume an indebtedness due the appellant from the contractor, and so far its contract can not be enforced, nor has the county come under any equitable obligation to pay the amount due for work done by the contractor."

It appears, according to the alleged contract, that the county received the benefit of a reduced price for the material furnished and work done after Myers abandoned the contract and the commissioners assumed the control of the work on account of their agreement to assume and pay the balance due the appellant from Myers and carry out the contract as made with Myers, and it would be in-

equitable to enforce the contract against the appellant, in so far as it related to the work done for the commissioners and to hold it invalid and nonenforceable in so far as it relates to the payment of the balance due for work done upon, and materials used in, the building under the contract with Myers. As it would appear from the averments of the complaint, that the appellant only agreed to furnish the materials and do the work for the commissioners necessary to complete the building at such reduced price and for less than the materials and work were in fact worth at that time, in consideration that such balance due from Myers should be paid, that the agreement to pay said sum entered into and was a part of the consideration to furnish the remainder of the materials and do the remainder of the work at such reduced price. This seems to have been the theory of the court in rendering the former opinion, for it is there held that the county is liable for the actual and reasonable value of the work done and materials furnished at the request of the board of commissioners.

The court says: "But, in respect to work actually furnished for the county, at the request of the commissioners, the county is at least liable to pay the actual and reasonable value of the labor and materials furnished, and for the money expended in constructing public buildings, which the county has accepted and which it is using and enjoying."

The appellee answered, alleging that on the 4th day of September, 1882, the appellant presented and filed with the auditor of Parke county its claim against the appellee for $17,886.05; that on the 6th day of September, 1882, said claim was presented by said county auditor to the appellee board of commissioners; that the claim was considered by the commissioners and they rendered their decision and entered of record their judg-

72        SUPREME COURT OF INDIANA,

Bass Foundry and Machine Works v. Board of Comm'rs of Parke Co.

ment disallowing the same and taxed the costs to the appellant; that from such decision and judgment no appeal was ever taken, and the same remains in full force and effect, further alleging fully that the same was rendered on the same and identical claim and cause of action sued on in the complaint in this action.

To this answer a demurrer was filed by the appellant for want of facts, which was overruled and exceptions taken. The appellant refusing to plead further, judgment was rendered for appellee. The ruling on the demurrer to the answer is assigned as error. It is suggested that the answer is defective because it does not allege that the parties are the same, but we think this objection is not tenable. We think the answer contains the necessary averments to make it good if the adjudication by the board of commissioners is a bar to the action; that is to say, if, under the laws, the appellant was required to present his claims to the board, and, if disallowed his only remedy was by appeal and not by an independent action in the circuit court, and such we think to be the requirements of the law. On the former appeal in this case, it was held that parties are required to present their claims to the respective boards of commissioners before bringing suit. This suit was commenced prior to the law of 1885, and is governed by the law of 1879, providing that no court should have jurisdiction except on appeal from the decision of the board of commissioners. *Maxwell* v. *Board, etc.*, 119 Ind. 20.

The county, represented by the board of commissioners, is the real party in interest. The purpose of the filing of the claim before the board of commissioners was to recover the claim from the county, and that is the purpose and object of this suit, and the question is *res judicata* and can not be amended by making Myers a

party to this suit. *Faust* v. *Baumgartner,* 113 Ind. 139; *State, ex rel.,* v. *Krug,* 94 Ind. 366.

There is no error in the record.

Judgment affirmed, with costs.

Filed Jan. 24, 1893; petition for a rehearing overruled Apr. 5, 1895.