Allread, J.
The judgment sought to be reviewed was rendered in an action or proceeding to vacate or modify a former judgment. The *310 petition for modification of the former judgment contains a full recital of the record in the former case. From this record it appears that Isabel L. Cunningham, by her next friend, brought suit against The Cleveland Consolidated Bottling Works Company in the court of common pleas, and on December 12, 1906, recovered a judgment for the sum of $500 and costs. The judgment entry shows that the parties waived a jury and submitted the case upon the pleadings and evidence. The plaintiff complains of the former judgment upon the following grounds:
1. That the court erred in rendering said judgment for only $500, as that amount is grossly inadequate.
2. That the court erred in that it heard no evidence in the case other than the pleadings.
3. That the court erred in determining the case without knowledge of the extent of plaintiff’s injuries.
4. That the court erred in rendering judgment in favor of plaintiff for only $500, for the reason that the injuries are more serious than they appeared to be at the time said judgment was rendered, and the damages could not have been reasonably anticipated and were not anticipated or taken into consideration by said court in fixing the amount of said judgment, and the said injuries have since proven to be more serious and permanent than was anticipated; also that the plaintiff is now in possession of newly-discovered evidence to show that her injuries were much more serious than were or could have been anticipated by her physician at the time.
*311 Plaintiff relies upon Section 11631, General Code, which provides:
“The common pleas court or the court of appeals may vacate or modify its own judgment or order, after the term at which it was made: * * * 5. For erroneous proceedings against an infant or person of unsound mind, when the condition of such defendant does not appear in the record, nor the error in the proceedings. * * * 8. For errors in a judgment, shown by an infant within twelve months after arriving at full age as prescribed in section eleven thousand six hundred and three.”
Section 11603 provides:
“It shall not be necessary to reserve in a judgment or order the right of a minor to show cause against it after attaining the age of majority; but in any case in which, but for this section, such reservation would have been proper, within one year after his majority, the minor may show cause against such order or judgment.”
Section 11603 is found substantially in the same form in Section 386 of the Practice Code adopted March 11, 1853 (51 Ohio Laws, 120).
In Long v. Mulford, 17 Ohio St., 484, it was held that the remedy of an infant to open up or vacate a judgment against him in infancy was either by bill of review to review the record or by bill in equity to impeach the judgment.
In the case of Carey v. Kemper, 45 Ohio St., 93, it is held that the remedy of the infant under paragraph 8, Section 5354, Revised Statutes (now 11631, General Code), was by a proceeding in the nature of a bill of review. It is further held in that case, as in the case of Long v. Mulford, that *312 the infant was not confined to that remedy, but might resort in a proper case to a bill in equity to impeach the judgment. In the case of Roberts, Exr., v. Roberts, Jr., 61 Ohio St., 96, a petition was filed in the court of common pleas of Crawford county to set aside a judgment of the probate court rendered during minority. The supreme court held that petition to be one under the statute, for a review of the regularity of the judgment, and not a bill in equity. We do not feel that we are called upon to determine whether the petition under consideration in the present case is one to review the regularity of the proceedings against the minor in the first case or a bill in equity to impeach the judgment.
We have considered the averments of the petition under both forms of procedure with the view of determining whether the facts are sufficient under either form of remedy.
The supreme court was at first uncertain as to the scope of inquiry under a bill of review. In some instances the pleadings, including the depositions, were considered, but it was finally held in the case of Holman v. Riddle, 8 Ohio St., 384, that:
“On bill of review in such case, the court can only examine such matters as appear upon the record; the testimony before the jury in regard to. the validity of the will being oral, and forming no' part of the files or record, can not be reviewed.”
It is true that Section 11603, General Code, was adopted subsequent to the decision in Holman v. Riddle, but the provisions of Section 11603 were held in the case of Carey v. Kemper, supra, to be *313 a statutory substitute for the prior practice in courts of equity requiring such reservation to be entered in the decree.
Paragraph 5, Section 11631, General Code, provides for vacation or modification of a judgment against an infant where the fact of infancy does not appear in the record. In proceedings under this paragraph the fact of infancy may be shown dehors the record.
The theory of the law is that where the disability does not appear in the pleadings the infant does not have the protection which the law requires nor the special consideration which the court is accustomed to give in such cases.
Where the disability appears in the pleadings and the infant is represented as provided by statute, there is a presumption in favor of the regularity of the judgment.
It is claimed in the petition in the present case that there was no evidence offered. The record of the former case shows, however, that evidence was offered and considered by the court in the rendition of the judgment. We are bound by the recitals of this judgment so far as the petition in the present action may be considered as a bill of review. (Rankin v. Kemp, 21 Ohio St., 651.) See also Paulin v. Sparrow, 91 Ohio St., 279.
The case of Sawitzke v. Peters Machine & Manufacturing Co., 29 O. C. A., 513, involved fraud and unfairness by the defendant in procuring the judgment against the minor.
Upon full consideration we are of opinion that so far as the petition in this case may be regarded as a bill of review or a proceeding in error, it is *314 not sufficient, as there is no error appearing upon the face of the record.
We now come to the second phase, to-wit, is the petition sufficient as a bill in equity to impeach the judgment?
There is no showing of fraud, collusion or unfairness in the proceedings leading up to the original judgment. In fact, the petition negatives this idea because it avers that the present situation as to the plaintiff’s injuries could not have been anticipated at the time of the original proceedings. There is no showing of collusion such as appeared in the case of Long v. Mulford, supra. The next friend of plaintiff, who represented her in the original proceedings, is not claimed to have had any adverse interest or to have been otherwise disqualified to act in the capacity of next friend. We can not subscribe to the view expressed by counsel for plaintiff in error that the infant upon arriving at age had all the rights of one who files a motion for a new trial within the statutory period. We think the infant is bound to shew some equitable ground for the vacation of the original judgment. It will be noticed that Section 11603 does not preserve to the infant the right to file a motion for a new trial. The reservation is to show cause against the judgment.
In the case of Johnson, Guardian, v. Pomeroy, 31 Ohio St., 247, a judgment had been rendered against an insane person without the intervention of a trustee or guardian and in favor of one having knowledge of the insanity. It was held that such judgment was not void and “can not be impeached by the guardian of the judgment debtor *315 without showing some fraud or unfairness on the part of the creditor in obtaining the judgment.” In the absence of such a showing we think' the petition in this case is not good as a bill in equity.
There is an averment in the petition of what is styled newly-discovered evidence. Taking all of the averments of the petition, we do not consider that the petition contains a sufficient statement of newly-discovered evidence to justify the infant in opening up the judgment upon that ground. The sum and substance of the claim in this particular is that there have been developments of the injuries not anticipated at the time of the proceedings and judgment. Almost every case involving personal injury has an element of uncertainty as to the future. The court or jury trying the case considers the testimony upon this subject and determines the possibilities. If the fact as to injury turns out to be less or more than the jury estimates, such fact could hardly be brought in in later years to overthrow the judgment.
Upon full consideration we are of opinion that the petition did not state a Cause of action and that the judgment dismissing the petition was not erroneous.

Judgment affirmed.

Ferneding and Kunkle, JJ., concur.
Judges of the Second Appellate District, sitting in place of Judges Dunlap, Vickery and Wash-burn of the Eighth Appellate District.