## SCHELL v. STATE OF INDIANA.

[Nos. 30,528, 30,529, 30,530. Filed July 7, 1964.]

*Harry Schell,* of Gary, *pro se.*

*Edwin K. Steers,* Attorney General, and *Frederick J. Graf,* Deputy Attorney General, for appellee.

LANDIS, J.—These three causes are consolidated on appeal on motion of appellee (the State), it appearing that they present identically the same question.

Appellant was charged in these cases by indictment with the crime of violation of the public purchase act. Appellant filed plea in abatement in each case to which

appellee filed answer in denial. After a hearing on such abatement matter the court denied appellant's pleas in abatement and also denied appellant's motions for new trial, attacking the court's ruling in the abatement matter. From the record it does not appear that the criminal charges against appellant have yet been submitted to a court or jury for trial.

Appellant's appeal here in each case is from the rulings of the lower court denying his pleas in abatement and appellee has filed motion to dismiss the appeals on the ground that the rulings of the lower court did not constitute an appealable final judgment.

Under our system of practice in this state, appeals may not be taken piecemeal from separate rulings of the trial court. This would render the appellate system chaotic and seriously impede the final determination of judicial proceedings.

A judgment to be final and appealable must dispose of all the issues as to the parties to the full extent of the power of the trial court to dispose of the same and thereby put an end to the particular case and all the issues involved. *Desho* v. *State* (1957), 237 Ind. 308, 145 N. E. 2d 429; *Enmeier* v. *Blaize* (1932), 203 Ind. 303, 179 N. E. 783; I. L. E., Appeals, §§24, 25, pp. 532, 534.

It is of course true that an appeal may be taken from a judgment sustaining a plea in abatement and adjudging the action to be abated but this is not the case where the plea is denied as in the latter situation the party must proceed to trial and final judgment, in the meantime merely reserving and saving the alleged error until the final determination of the cause.

Here there has been no final determination of the charges pending against appellant, and any question as to error in denying appellant's plea in abatement must therefore be reserved until final determination and judgment in the causes below.

Appeals dismissed.

Achor, C. J., and Arterburn, and Myers, JJ., concur. Jackson, J., concurs in result.

NOTE.—Reported in 199 N. E. 2d 849.