FREDERICK A. KRUMME ET UX. *v.* THE BD. OF COMMISSIONERS
OF WASHINGTON COUNTY, INDIANA ET AL.

[No. 172A11. Filed September 7, 1972. Rehearing denied
October 11, 1972.]

*John M. Lewis,* of Seymour, for appellants.

*James D. Allen, William L. Thompson, Allen and Thompson,*
of Salem, for appellees.

LYBROOK, J.—Appellants each filed a negligence action
against the appellee Board of Commissioners. This consoli-
dated appeal arises from the granting of a summary judgment
for appellees.

On March 15, 1966, two days prior to the running of the
Statute of Limitations, appellants filed suit in Washington
Circuit Court, seeking recovery for injuries sustained when
their car was abruptly halted by the absence of a bridge on
a county highway, on March 17, 1964.

Appellee Board filed an Answer in Abatement alleging that
on the same date the complaint was filed, appellants also
filed claims for the same damages with the County Auditor,
which the Commissioners disallowed on April 4, 1966. Ap-
pellees further contended that said actions should abate since
appellants failed to first present the claims to the Commis-
sioners before bringing suit.

These causes were later venued to the Lawrence Circuit Court and on February 9, 1970 at a pre-trial conference, under the new Indiana Rules of Procedure, the trial court held:

"Pursuant to Rule TR. 12-B6, court does now find and determine that the answers in abatement heretofore held by the defendants on June 3, 1966, in the Washington Circuit Court in this cause, is in truth and in fact and should be treated as a motion to dismiss, and court further finds that such motion to dismiss should be considered as a motion for summary judgment."

Prior to the hearing date for the so-called "Motion for Summary Judgment", the parties stipulated that the Board met in regular sessions on the first Monday of each month and that on March 15, 1966, appellants filed suit as well as filing identical claims with the County Auditor. The parties further stipulated that the Board was not in session on March 15, 1966 and did not meet until April 4, 1966, at which time the claims were presented and denied.

The court held that filing and disallowance of the claims as a condition precedent to the filing of suit, which had not been met. The court further found that since "no genuine issue of material facts between the parties can be presented to this court", the Motion for Summary Judgment should be granted and that plaintiffs take nothing by their complaints.

Appellants maintain that it was error for the trial court to treat their Answers in Abatement, filed under the former rules, as Motions to Dismiss under the new rules. Appellees assert that appellants' failure to object to this at the pre-trial conference resulted in a waiver under Trial Rule 46, IC 1971, 34-5-1-1.

In answering this procedural question we must consider the following sections of the Indiana Rules of Procedure:

"Trial Rule 7 (C)

(C) Demurrers, pleas, etc., abolished. Demurrers, pleas in abatement, and exceptions for insufficiency of a pleading or improper service shall not be used. All objections and

defenses formerly raised by such motions shall now be raised pursuant to Rule 12."

### "Trial Rule 12 (B) 6

(B) How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counter-claim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required; except that at the option of the pleader, the following defenses may be made by motion:

(6) Failure to state a claim upon which relief can be granted, which shall include failure to name the real party in interest under Rule 17, . . ."

### "Trial Rule 12 (B) 8

\* \* \*

If, on a motion, asserting the defense number (6), to dis-miss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. In such case, all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

### "Trial Rule 46

Formal exceptions to rulings or orders of the court are un-necessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him."

### "Trial Rule 84

These rules will take effect on January 1, 1970. They govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their applica-tion in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies."

Apparently the trial court made its determination that the Answers in Abatement were in truth and in fact Motions to Dismiss after January 1, 1970, in a sincere effort to comply with the new rules. Although TR. 7(C) abolished Pleas in Abatement it did not automatically convert existing Pleas in Abatement into Motions to Dismiss. It merely prescribed a new manner of raising such a defense after January 1, 1970.

The court, *sua sponte*, transformed the Answers in Abatement into Motions to Dismiss and then into summary judgment proceedings. This feat of legerdemain deprived the appellants of the opportunity to plead over enjoyed under the former rules. Since the Statute of Limitations had already run in this case, the phrase contained in TR. 84 "would work injustice" might well apply.

We do not imply that a Motion to Dismiss cannot be treated as a Motion for Summary Judgment as provided by TR. 12(B)8. We can find no authority, however, authorizing the transformation of a Plea in Abatement into a Motion to Dismiss.

Concerning TR. 46, under the former practice, the sustaining of an Answer in Abatement was a final judgment from which an appeal could be directly taken. *Schell* v. *State* (1964), 245 Ind. 481, 199 N. E. 2d 849.

Appellees further urge that under IC 1971, 17-1-14-22; Ind. Ann. Stat. § 26-801 et seq. (Burns 1970), presentment of the claim to, and denial thereof by the appellee Board is a prerequisite to either an appeal or the filing of an original suit. § 26-820a, IC 1971, 17-2-1-4 reads:

"No court shall have original jurisdiction of any claim against any county in this state, in any manner, except as provided for in this act. [§§ 26-805, 26-807, 26-820, 26-820a]. [Acts 1879 (Spec. Sess.), ch. 29, § 4, p. 106.]"

Appellees cite several cases, beginning with *Bass Foundry etc.* v. *Board of Commissioners* (1888), 115 Ind. 234, 17 N. E. 593 and *Hancock County* v. *Leggett* (1888), 115 Ind. 544, 18

N. E. 53, to support their construction of the statute. Appellants devote the major portion of their brief to attacking the *Bass* case and its successors in an attempt to interpret the statute in a manner contrary to appellees' position. We do not subscribe to appellants' arguments concerning *Bass, supra,* or their interpretation of the above statute. In the interest of brevity we will not discuss this line of cases, except to distinguish them from the case at bar.

*Bass* and the cases which followed differ from the case at bar. In every instance where a Plea in Abatement was sustained, pursuant to the above statute, *no claim had even been filed*. Furthermore, the running of the Statute of Limitations was not imminent in any of these cases.

Appellants finally contend that under the facts of this case, requiring presentment and disallowance of their claims prior to commencement of suit would require the doing of a useless thing, which the law does not countenance. *Roberts* v. *State ex rel. Jackson Co. Bd. of Com'rs.* (1972), 150 Ind. App. 83, 278 N. E. 2d 285. We are inclined to agree.

Appellees sole contention in this appeal is directed to the sequence of the filing of the suits, not to their substance, claiming that they were filed too soon instead of too late.

When the cases at bar were filed, the Statute of Limitations had but two days to run. By filing both their claims and their suits appellants performed every act possible at that late hour. The Commissioners were prohibited by law from meeting and passing upon the claims within the remaining two days. These frustrating circumstances placed the matter beyond appellants' control. Appellants found themselves sitting on the side lines helplessly watching their law suits languish and die even before the statute had run. Requiring them to wait for their claims to be disapproved required a thing which was not only useless, but quite impossible.

We do not overrule *Bass* and its successors. We merely hold that where a plaintiff finds himself in a position such as in

the case at bar, the procedural requirements must accede in order that he receive the full measure of time granted by the Statute of Limitations.

The judgment of the trial court is reversed and these causes are remanded with the instruction to set aside the Summary Judgments entered. The decisions considering the Pleas in Abatement as Motions to Dismiss are also ordered vacated.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported in 286 N. E. 2d 689.