CALVIN H. FOSTER *v.* COUNTY COMMISSIONERS, MORGAN COUNTY, INDIANA.

[No. 1-874A118. Filed March 31, 1975. Rehearing denied May 13, 1975. Transfer denied February 23, 1976.]

*William R. McCain,* of Martinsville, for appellant.

*William Wehrle,* of Martinsville, *Frank E. Spencer,* of Indianapolis, for appellee.

ROBERTSON, C.J.—This is an appeal from a summary judgment entered in favor of the defendant-appellee (county) in a negligence action brought by the plaintiff-appellant (Foster).

The sole issue raised by this appeal is whether the granting of summary judgment was proper in light of Foster's failure to file a claim with the county prior to filing suit in the circuit court.

We affirm.

The facts relevant to this appeal are as follows: On November 19, 1971, Foster was injured when his vehicle hit a chuckhole on one of the county's highways. He filed his complaint on April 13, 1973, seeking recovery for his personal injuries. After discovery procedures had been undertaken, the county filed a motion for summary judgment on the grounds that Foster had failed to file his claim with the board of county commissioners. The trial court granted the motion and entered judgment.

On appeal Foster makes several arguments challenging the entry of summary judgment. He first argues that the statute did not require him to file a claim with the county.

IC 1971, 17-2-1-1 (Burns Code Ed.) provides that any person having any legal claim against a county shall file the claim with the county auditor who then presents it to the county commissioners. It is further provided that no court shall have jurisdiction of any claim against a county except as provided by that act. IC 1971, 17-2-1-4 (Burns Code Ed.).

Foster has offered a summary of the legislative history of that statute in an effort to show that it was not intended to require notice to the county prior to commencing suit. However, our courts have consistently held that the statute does require such notice. *Bass Foundry & Mach. Works* v. *Board of County Comrs.* (1888), 115 Ind. 234, 17 N.E. 593;

*Board of County Comrs.* v. *Leggett* (1888), 115 Ind. 544, 18 N.E. 53; *Bass Foundry & Mach. Works* v. *Board of County Comrs.* (1893), 141 Ind. 68, 32 N.E. 1125; *Board of County Comrs.* v. *Nichols* (1894), 139 Ind. 611, 38 N.E. 526, 12 App. 315, 40 N.E. 277, 54 Am. St. 528.

We are not convinced by Foster's argument that these cases should be overruled.

Foster next argues that a notice of claim statute may not restrict a common law right of action. In support of his argument, he cites cases from other jurisdictions which have upheld notice statutes on the grounds that since tort liability of political subdivisions is statutory in origin, a state may attach such conditions to the right to recover as it deems proper. Such a holding, however, does not necessarily lead to the conclusion that the state may not attach conditions to a common law right of action. In *Galbreath* v. *City of Indianapolis* (1970), 253 Ind. 472, 255 N.E.2d 225, our Supreme Court held that the liability of a city for negligent maintenance of its streets was of common law origin. However, the court still treated notice to the city as a prerequisite to filing suit.

Similarly, Foster argues that notice statutes have no application to tort actions. Indiana cases make no such distinction. *Board of County Comrs.* v. *Creviston* (1892), 133 Ind. 39, 32 N.E. 735; *Galbreath* v. *City of Indianapolis, supra.*

It is next argued that even if notice was required in this case, the county waived the right to complain of the failure to give the notice by failing to object until ten months after suit had been filed and long after filing its answer. However, the defense which the county asserted by means of its motion for summary judgment was the lack of subject matter jurisdiction which cannot be waived but may be raised by the parties of any point during the action. *Cooper* v. *County Board of Review of Grant County* (1971), 150 Ind. App. 232, 276 N.E.2d 533.

Foster next argues that there was substantial compliance with the statute in that the county was given notice of his claim through service of process and the discovery undertaken by which the county obtained information concerning the time, place and circumstances of the accident eliminating the necessity of a formal notice.

In *Galbreath* v. *City of Indianapolis, supra,* the Supreme Court stated that a particular fact situation could be presented from which substantial compliance with a notice statute might be held sufficient. However, discussion in that case concerned the form and content of the notice and instances where a written notice actually sent did not reach the proper officials. We do not believe that a plaintiff may succeed under a theory of substantial performance when no written notice has ever been filed.

Foster also argues that requiring him to make a claim to the county in this case would require the doing of a useless thing, which the law does not countenance. *Roberts* v. *State ex rel. Jackson Co. Board of Comm'rs* (1972), 151 Ind. App. 83, 278 N.E.2d 285. We do not agree. Filing of the claim and its disallowance by the county is necessary to establish the jurisdiction of the court over such claims. IC 1971, 17-2-1-4 (Burns Code Ed.).

Foster next argues that exigent circumstances will relieve a plaintiff from strict compliance with the notice of claim statute. He cites *Krumme* v. *Board of Comm'rs of Washington County* (1972), 153 Ind. App. 240, 286 N.E.2d 689, in support of his proposition. In *Krumme* the plaintiff filed both his claim with the county and his suit two days prior to the end of the statute of limitations. Although the statute requires that claims submitted to the county be disallowed before suit is filed, the court held under the circumstances of that case that the plaintiff had substantially complied with the statute. The court made it clear, however, that its holding did not extend to situations where no claim had ever been filed. Thus, the case is of no assistance to Foster.

Foster finally contends that the notice statute is unconstitutional in that it is in conflict with the guarantee of equal protection of the laws. He claims that there is no rational basis for discriminating between governmental and private tortfeasors; requiring notice be given to one and not the other.

Notice statutes have been previously upheld against such an argument. *Touhey* v. *Decatur* (1911), 175 Ind. 98, 93 N.E. 540; *Sherfey* v. *Brazil* (1938), 213 Ind. 493, 13 N.E.2d 568.

The arguments in this regard presented by Foster are not sufficient to persuade us to alter these long established authorities at this time.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.