### ON PETITION FOR REHEARING

[Filed January 20, 1976]

LOWDERMILK, J.—Defendant-appellant Board of Commissioners of Delaware County (County) filed a petition for rehearing asking us to review our decision in the above entitled cause, which has been reported at 337 N.E.2d 852. The bulk of the petition simply reiterates arguments that were disposed of in our original opinion, and we do not deem it necessary to discuss them further.

For the benefit of the County, we would point out that we are at a loss to see any real distinction between the fact situation in the case at bar and the facts of *Campbell* v. *State* (1972), 259 Ind. 55, 284 N.E.2d 733. The County continues to insist that a public duty was involved in this case, but the *Campbell* court found a private duty in that case on a fact situation strikingly similar to the one at bar. The existence of some public duty does not necessarily preclude the possibility that a private duty also exists. Our original opinion correctly sets forth the test to be applied.

The principal question that we find necessary to answer in this opinion concerns an argument raised by the County for the first time in their petition for rehearing. The County claims that the trial court lacked subject matter jurisdiction of this case, inasmuch as Briggs failed to file notice of the claim with the Auditor of the County for its disallowance by the County Commissioners prior to commencement of his lawsuit. In *Foster* v. *County Commissioners, Morgan County* (1975), 163 Ind. App. 518, 325 N.E.2d 223 [petition for transfer filed], we held that "[f]iling of the claim and its disallowance by the county is necessary to establish the jurisdiction of the court over such claims. IC 1971, 17-2-1-4 (Burns Code Ed.)" We further held in *Foster* that the defense that the county there asserted by means of its motion for summary judgment was the lack of subject matter jurisdiction which cannot be waived but may be raised by the parties at any point during the action.

We now find it necessary to modify our holding in the *Foster* case.

The Supreme Court of this state has consistently held that the failure to file a legal claim with the County Auditor prior to filing suit against that county does not deprive the court in which suit was filed of subject-matter jurisdiction, provided that court was, as it was in the case at bar, a court of

general jurisdiction with jurisdiction over the general class of such cases, namely, suits against the county. Instead, this absence of notice or claim must be raised affirmatively to defeat the jurisdicion of the court in which suit was filed.

In *Bass Foundry & Mach. Works* v. *Bd. of Comm'rs of Parke Co., et al.* (1888), 115 Ind. 234, 17 N.E. 593, the Supreme Court ruled that the filing of a claim with the Auditor need not be pleaded in the complaint, and that the absence of such claim did not involve the subject-matter jurisdiction of the trial court. The Supreme Court did state that the county claim statute requires notice, but held that the absence of such notice makes the jurisdiction of the court subject to affirmative defense, and in absence of such defense, the jurisdiction could not be challenged because the right to challenge had been waived. It was stated in *Bass* at 115 Ind. 234, 17 N.E. 593:

". . . The difference between want of jurisdiction because the court is wholly without power or authority to take cognizance of and adjudicate upon the particular subject-matter involved in the suit, and want of jurisdiction on account of non-existence of some extraneous fact which may or may not exist in that case, is not to be disregarded. Where the court is, in law, incompetent, and without the faculty to deal with the subject-matter before it, its proceedings and judgment, without regard to any question of waiver or consent by the parties, would be *coram non judice.* In such a case the want of jurisdiction would necessarily appear on the face of the complaint, and objection might be taken by demurrer or motion to dismiss. Where, however, the subject-matter before the court is within its ordinary jurisdiction, so that its judgment would be binding, unless the facts going to defeat its jurisdiction in that particular case were brought forward, a court of general jurisdiction may proceed until the facts showing want of jurisdiction are made affirmatively to appear. This is so because the parties may, in such a case, waive any question concerning the jurisdiction of the court. Where facts exist which would deprive the court of jurisdiction, or arrest the proceedings for the time being, the complaint being silent in that regard, objection cannot be taken by demurrer, but the facts must be brought forward by answer

or plea. If no objection be thus taken, the defect is to be deemed waived.

"As has already been seen, under the Act of 1885, courts were reinvested with original common law jurisdiction in respect to suits against counties. That Act brought the subject-matter generally within the power and authority of the court. In other words, it restored the competency of the court, and gave it the power to take original jurisdiction of and to adjudicate upon the subject-matter of claims against counties. It is necessary that certain precedent facts, viz., the presentation of the claim to the board of commissioners, should have occurred before the jurisdiction of the court becomes perfect and unavoidable, . . ." 234 Ind. at 240, 241.

In *McCoy* v. *Able* (1892), 131 Ind. 417, 30 N.E. 528, involving a similar issue on filing a legal claim, our Supreme Court stated:

". . . we are not unmindful of the fundamental doctrine that the objection that there is no jurisdiction of the subject-matter may be interposed at any time. We affirm that doctrine, and declare that such an objection needs for its exhibition neither formal motion nor bill. But we deny that the doctrine has any application to this case. *There was here jurisdiction of the general subject, that is, of the general class of cases to which the particular case belongs, and where such jurisdiction exists specific objections to the jurisdiction must be opportunely made and duly brought into the record.* 'By jurisdiction of the subject-matter' said the court in *Chicago, etc., R.R. Co.* v. *Sutton,* 130 Ind. 405, 'is meant jurisdiction of the class of cases to which the particular case belongs.' *Jackson* v. *Smith,* 120 Ind. 520 (522) ; *State, ex rel.,* v. *Wolever,* 127 Ind. 306 (315) ; *Alexander* v. *Gill,* 130 Ind. 485 ; *Yates* v. *Lansing,* 5 Johns. 232." (Our Emphasis.) 131 Ind. at 419, 420.

The Supreme Court also dealt with the issue of absence of filing a legal claim and its effect on the court's jurisdiction in *Board of Commissioners of Hancock County* v. *Leggett* (1888), 115 Ind. 544, 18 N.E. 53. There the same issue as was here raised by defendant County was treated by citing *Bass, supra,* and stating:

"The point made by appellant's counsel is decided against them by the case of *Bass, etc., Works* v. *Board, etc., ante,*

p. 234. In that case it was held that, as the circuit court is a superior court of general jurisdiction, the presumption is that it had jurisdiction of the case it assumed to try. It results from this doctrine that the want of jurisdiction is a matter of defense, since the presumption makes a *prima facie* case in favor of the appellee, and such a case can only be defeated by affirmative evidence given upon an issue properly tendered." 115 Ind. at 546, 18 N.E. at 54.

In *Board of Commissioners of Sullivan County* v. *Arnett* (1889), 116 Ind. 438, 19 N.E. 299, *Leggett* and *Bass* were cited by the Supreme Court for the same result, namely that there was no requirement that a filing of a claim with the Auditor be proved unless the issue was properly and timely raised. See also *Board of Commissioners of Jackson County* v. *Nichols* (1894), 139 Ind. 611, 38 N.E. 526.

The holding of these cases is in conflict with *Foster* and its statement that failure to file a legal claim with the county auditor involves subject-matter jurisdiction of the trial court and can therefore be raised at any time. To the contrary, the absence of such a claim makes the jurisdictional question one for affirmative defense, which if not properly raised, is waived and the jurisdiction becomes unassailable.

Perhaps the clearest and most comprehensive treatment of the issue is found in *State ex rel Johnson* v. *Reeves, Judge, et al.* (1955), 234 Ind. 225, 127 N.E.2d 794, where a defendant attacked the subject-matter jurisdiction of the Vanderburgh Circuit Court. In deciding that there was jurisdiction of the subject-matter, that failure to file a certified document pursuant to statute went only to the jurisdiction of the court to hear that particular case, and that the failure to raise such a defense at the earliest opportunity resulted in the waiver of that defense, this court stated:

"The trial court had jurisdiction of the class of cases to which the case at bar belongs. Acts 1951, ch. 224, § 9, p. 640, being § 3-3109 Burns' 1946 Repl., (1953 Cum. Supp.), supra. Therefore, it had jurisdiction of the subject matter of the action herein.

* * *

"It seems clear that if the trial court had jurisdiction of the general subject-matter of the action herein and of the defendant-relator, that the question here presented then goes directly to the jurisdiction of the particular case—the right, authority and power of the Vanderburgh Circuit Court to hear and determine *this* case. This court in *Pittsburgh C.C. & St. L. R. Co.* v. *Gregg,* (1914), 181 Ind. 42, at page 48, 102 N.E. 961, [at page 963], on the question of whether a board of county commissioners had jurisdiction of a particular proceeding for the establishment of a public highway, at p. 48 of 181 Ind. said:

" '. . . it is well settled that the want of jurisdiction over the particular case then before the court, belonging to the general class of cases over which the court has jurisdiction may be waived by failure to make timely and specific objection. *Daniels* v. *Bruce* [(1911), 176 Ind. 151, 95 N.E. 569], *supra,* and the cases therein cited.'

"Also, in *Park Improvement Co.* v. *Review Board, etc.,* (1941), 109 Ind. App. 538, 545, 36 N.E.2d 985, *supra,* it is said:

" 'An apparent exception to the rule that the jurisdiction of the court over the subject-matter may be raised at any time is that where the court has jurisdiction over the subject-matter, but its jurisdiction over the particular proceeding is involved, the question must be raised at the earliest opportunity or it is waived. *Tucker* v. *Sellers* (1891), 130 Ind. 514, 30 N.E. 531.' " 234 Ind. at 228, 229.

In *Foster,* we relied upon *Cooper* v. *County Board of Review* (1971), 150 Ind. App. 232, 276 N.E.2d 533, which involved a statutory remedy, compliance with which, contrary to the case at bar, was required for jurisdiction over the general subject matter. In both *Foster* and in the case at bar, the basis of recovery is common law negligence. The notice requirement is simply a procedural condition that must be fulfilled in order to recover. See *Thompson* v. *City of Aurora* (1975), 263 Ind. 187, 325 N.E.2d 839, decided after our decision in *Foster.*

The basis for the distinction between *Cooper* and the case at bar was contemplated and discussed in *Bass, supra,* and is

consistent with other cases cited in support of this position. Our Supreme Court stated in *Bass:*

> "In cases of the latter class, and all others analogous thereto, it has been uniformly ruled that the complaint need not show the jurisdictional facts upon its face. Of course, the rule is different in respect to courts of inferior or limited jurisdiction, *or where a court of general jurisdiction is exercising a mere statutory power, and is not exercising a jurisdiction which was according to the course of the common law."* (Our emphasis.) 115 Ind. at 242, 17 N.E. at 596.

The history of the case at bar vividly demonstrates why *Foster* is wrong on this issue and creates very real problems in the judicial machinery. Delaware County *never* raised the issue until Petition for Rehearing, after Answer, after Summary Judgment Motion, after jury trial, after Motion to Correct Errors, after submission of briefs to this court on the merits, and after rendition of the opinion affirming the verdict of the jury. Now, on rehearing, the County complains, and asks this court to determine an issue of fact as to whether sufficient notice was received by the County.

Nothing is offered to affirmatively show the truth of such allegation. On the other hand, the Pre-Trial Order entered by the trial court stated that "counsel conceded jurisdiction, and the Court decided the same existed." The County cannot invite error, and then attempt to take advantage of it at this late date.

The County should have "complained" affirmatively under the applicable Indiana Rules of Trial Procedure. Failing to do so resulted in waiver of that defense.

Petition for rehearing denied.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 340 N.E.2d 373.