NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2513
_____

MARKO DEMASKE,
Appellant

v.

BRANDON C. BONIN
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-19-cv-00426)
District Judge: Honorable Marilyn J. Horan
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 29, 2022

Before:  HARDIMAN, RENDELL and FISHER, *Circuit Judges*.

(Filed: May 17, 2022)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

Marko Demaske brought suit for malicious prosecution against Pennsylvania

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Wildlife Conservation Officer Brandon C. Bonin for charging Demaske with violations of Pennsylvania game laws. The U.S. District Court for the Western District of Pennsylvania granted summary judgment for Officer Bonin. It concluded Demaske failed to show a genuine issue of material fact as to whether Officer Bonin initiated criminal proceedings without probable cause or acted maliciously. We agree Officer Bonin had probable cause to bring criminal proceedings against Demaske, so we will affirm.[1]

A malicious prosecution claim under 42 U.S.C. § 1983 requires a plaintiff to satisfy five elements. Officer Bonin concedes three of them: he initiated proceedings against Demaske, the proceedings ended in Demaske's favor, and Demaske suffered a sufficient deprivation of liberty.[2] The other two elements are in dispute on this appeal: whether "the defendant initiated the proceeding without probable cause," and whether "the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice."[3] For Demaske, failure on any element dooms his malicious prosecution action.

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1343 (federal civil rights). We have jurisdiction under 28 U.S.C. § 1291 (final decision). We exercise plenary review over a district court's grant of summary judgment. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). We view the facts and draw all reasonable inferences from those facts in the light most favorable to the nonmoving party. *Id.* We will affirm if there is no genuine dispute of material fact, and the movant is entitled to judgment as a matter of law. *Id.*

[2] *See Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014). The charges required Demaske to post a fifteen-thousand-dollar cash bond, but they were eventually dismissed by the Greene County Court of Common Pleas, which concluded the government had failed to establish a prima facie case against him.

[3] *Id.* at 297 (quotation omitted).

We look first at probable cause.

In assessing probable cause, we ask whether a reasonable officer could have brought the charges that Officer Bonin filed against Demaske.[4] Probable cause requires only a reasonable belief in guilt, a significantly lower evidentiary threshold than required for conviction.[5] Although typically a question for a jury, a district court may find probable cause as a matter of law if the evidence viewed in the light most favorable to the plaintiff supports the existence of probable cause.[6]

In October 2017, the Commonwealth of Pennsylvania, through Officer Bonin, filed a thirty-one-count criminal complaint against Demaske and his son, John Demaske. The complaint charged Demaske with taking or possessing (or aiding or abetting the possession of) thirteen whitetail deer in excess of hunting limitations during the 2015 season;[7] unlawfully taking or possessing sixteen sets of whitetail deer antlers and one mink;[8] and failing to report a whitetail deer harvest.[9] The Pennsylvania season limit is one deer,[10] and both deer hunting and mink trapping require specific licenses.[11]

Officer Bonin had probable cause to bring charges against Demaske. In November

---

[4] *See Harvard v. Cesnalis*, 973 F.3d 190, 199–200 & n.3, 203 (3d Cir. 2020).
[5] *Wright v. City of Phila.*, 409 F.3d 595, 601–02 (3d Cir. 2005).
[6] *Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997).
[7] *See* 34 Pa. Cons. Stat. § 2321.
[8] *See* § 2307.
[9] *See* § 2323.
[10] 58 Pa. Code § 139.4; 45 Pa. Bull. 2601–02 (May 30, 2015).
[11] *See* 34 Pa. Cons. Stat. § 2705.

2015, Pennsylvania game authorities received a tip from a confidential informant who reported seeing a number of whitetail deer in a shed on one of Demaske's properties in Jefferson, Pennsylvania. Officers visited the property and talked to Lonnie Starcher, who rented the shed from Demaske. Inside the shed, they found eight sets of deer antlers with wet blood and moist brain matter still attached—evidently fresh kills. Starcher stated that John Demaske, driving his father's truck, had brought the racks to the shed. Starcher gave the following statement: "[John] told me his dad, Marco [sic] Demaske, told him to bring them here because his dad wanted them out from Marcos [sic] house."[12]

The next day, officers interviewed John Demaske, who confessed to some illegal hunting and to giving unlawfully taken deer meat to another of Demaske's renters living on Icebox Road. Pennsylvania game authorities then seized thirty pounds of deer meat from the Icebox property. They subsequently obtained a search warrant for a tavern owned by Demaske's mother, where both Demaske and his son were living along with several other boarders. The officers seized roughly twenty-five packages and bags of frozen meat, further deer antlers, and one frozen mink pelt. DNA analysis revealed the meat originated from at least fourteen deer.

The foregoing facts and circumstances suffice for a reasonable officer to conclude that Demaske and his son were illegally hunting game and hiding the kills on their rental

---

[12] App. 309.

4

properties.[13] Demaske responds the officers did not have probable cause to suspect he "owned" any of the meat or racks.[14] He claims they were either gifted to his family or belonged to the tavern's other boarders. But the relevant statutes forbid the mere possession of—or even just aiding, abetting, or attempting to possess—unlawfully taken game.[15] Even construing reasonable inferences in Demaske's favor, the undisputed facts show a reasonable officer could have charged him with the relevant violations of Pennsylvania game laws.

Based on the above, the District Court did not err in concluding Demaske failed to establish a genuine question with regard to the existence of probable cause. Because one of the required elements of malicious prosecution is lacking, we need not consider whether the District Court erred in finding an absence of malice. We similarly leave unaddressed Officer Bonin's argument that he is entitled to qualified immunity. We will affirm the District Court's grant of summary judgment for Officer Bonin.

---

[13] *See Dempsey v. Bucknell Univ.*, 834 F.3d 457, 467 (3d Cir. 2016).

[14] Appellant's Br. at 13.

[15] 34 Pa. Cons. Stat. §§ 2307(a), 2321(a); *see also* § 102 (defining "possession" broadly). As for illegal hunting, § 2323, the volume of deer meat and antlers seized from the tavern permits a reasonable inference Demaske failed to report at least one kill.